# Richmond.

## HARRIS AND OTHERS v. WYATT AND OTHERS.

### March 14, 1912.

1. WILLS—*Impeachment or Establishment—Code, Section 2544—Jurisdiction.*—In a proceeding under section 2544 of the Code (to impeach or establish a will) the court can only exercise the special powers provided by it—namely, to ascertain, in the manner provided by that section, whether or not the paper or papers in question is or are the last will and testament of the decedent. No other relief can be had in the case.

2. EQUITY—*Jurisdiction—Construction of Wills—Administration of Estates.*— While a court of equity has no jurisdiction merely to construe a will which devises purely legal estates or interests, it clearly has jurisdiction of a bill to construe the will of a decedent as admitted to record, and to determine the rights of the beneficiaries thereunder, to ascertain the indebtedness of the decedent, to settle the accounts of the executor, and to have the estate administered, settled, and distributed according to law, and for such further and other relief as may be proper in the cause.

3. WILLS—*Probate—Construction of Order.*—An order of probate of a will which, after reciting that the will was proved by one of the subscribing witnesses thereto, "except that the erasures of lines 2, 3, 4, 5, inclusive, in clause 6, on page 1, since the signing and acknowledging of said paper writing by the testator," states, "it is ordered that the said will be recorded," is an order admitting the whole will to probate, including the lines erased.

4. WILLS—*Probate—Cancelled Words—Revocation—Presumption.*—Where a paper offered for probate has been proved to have been properly executed as a will, but certain words in it have been cancelled since its execution, the whole paper, including the cancelled words, is to be treated by the probate court as the last will and testament of the deceased, in the absence of some evidence that the cancellation was done by the deceased, or by some person in his presence and by his direction, which would be sufficient to show that fact, or that the instrument was found after the testator's death among his repositories in the mutilated condition it was in when offered for probate, and under such circumstances that the fact of revocation might to the extent of the cancellation be presumed. In the absence of all evidence

on the subject, except that the cancellation was after due execution, there is no presumption that the cancellation was made by the hand of the testator. Where it appears that a will was regularly made, the presumption of law is strong in its favor, and the intention to revoke must be plain and without doubt.

5. WILLS—*Probate—Ambiguity of Order—Presumption.*—If the language of the order of probate of a paper proved to have been duly executed as a will is ambiguous as to whether the will was admitted to probate including or excluding certain words of the will which had been cancelled (but of which cancellation no explanation has been given), the order should be construed as admitting the entire paper to probate, as that was what the trial court should have done, and to hold otherwise would be to solve the doubt, not in favor of, but against the presumed correctness of the trial court's action, which is never done.

6. WILLS—*Probate—Failure to Record Properly.*—The failure of a clerk to transcribe upon the will book a will as it was admitted to probate cannot affect the rights of the parties under the will.

7. WILLS—*Obliteration of Devisee's Name—Supplying Defect.*—Although the name of a devisee in a will be entirely obliterated, he will, nevertheless, take under the will where the name can be clearly deciphered by the use of a magnifying glass, and he can be otherwise identified by the context, which gives such description of him as cannot be mistaken.

Appeal from a decree of the Circuit Court of Loudoun county, upon a bill filed by the executor of Charles Harris. Decree for the complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*J. W. Foster* and *Cecil Conner,* for the appellants.

*Charles P. Janney* and *Moore, Barbour & Keith,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

While there are averments in the bill filed in this cause which would not be inappropriate in a bill filed under section 2544 of the Code, either to establish or impeach the writing filed with it as the last will and testament of Charles Harris, deceased, it is clear from the whole bill that it was not filed under that section

of the Code. It was not filed by "a person interested" in the decedent's estate. It sought for the construction of the writing filed therewith, which it alleged had been admitted to probate, and sought other relief, none of which could have been granted upon a bill filed under section 2544, and did not specifically ask for the relief, and the only relief, provided for by that section.

In a proceeding under that section the court can only exercise the special powers conferred by it—viz., to ascertain, in the manner prescribed by it, whether or not the paper or papers in question is or are the last will and testament of the decedent. No other relief can be had in the case. This is so well settled that it is hardly necessary to cite authorities upon the subject. *Malone's Adm'r* v. *Hobbs*, 1 Rob. (40 Va.) 366, 39 Am. Dec. 263; *Lambert* v. *Cooper*, 29 Gratt. (70 Va.) 61; *Connolly* v. *Connolly*, 32 Gratt. (73 Va.) 657.

Neither was this a suit brought for the purpose of interpreting the provisions of a will which deals with and disposes of purely legal estates or interests in land, and which makes no attempt to create trust relations with respect to the property of the testator, as was the bill in *Hart* v. *Darter*, 107 Va. 310, 58 S. E. 590, 15 L. R. A. (N. S.) 599, in which it was held that a court of equity did not have jurisdiction to construe the will.

The object sought by the bill in this case, as we interpret it, was to construe the will of the decedent as admitted to probate, and to determine the rights of the beneficiaries thereunder, to ascertain the indebtedness of the estate of the testator, to settle accounts of the executor, and to have the estate administered, settled, and distributed according to law, and for such other and further relief as might be proper in the cause. A court of equity clearly had jurisdiction to grant the relief sought.

Decrees were entered construing the will, ascertaining the debts of the decedent's estate, directing their payment, and settling the accounts of the executor. From these decrees this appeal was granted upon the petition of three children of the testator—viz., Newton Harris, Thomas Harris, and Adabel Spriggs.

The material question in the case is as to the extent to which the paper filed with the bill was admitted to probate.

By the second, third, fourth, and fifth clauses of the will the testator makes specific bequests. By a codicil the gift in the fifth clause is revoked. The remaining, or sixth, clause is a residuary clause, and is as follows:

" Sixth. All the rest and residue of my estate, of every kind and description, *I hereby give to my grandson, John Franklin Allen, son of my deceased daughter, Mariah Allen, now living with me, he to take the surplus of the personal property if he be of age, and, if not, the same to be* held by his properly qualified guardian, and he to receive the rents, issues, and profits of my real estate until he becomes of age, when he is to have the same in his own absolute right. But if he dies before coming of the age of twenty-one years, the said land shall pass to and belong to my two sons, Newton Harris and Thomas Harris, and my daughter, Adabel Spriggs, and their heirs, to be divided between them. In the event of my grandson not living until he is of age, and my real estate having to be divided among my children as aforesaid, then I empower my executor with authority to sell and convey the same at public sale, and to divide the proceeds among those entitled."

The contention of the appellants is that the probate court, in admitting the will to probate, excluded the italicized words. The appellees, on the other hand, assert that the whole paper, including the italicized words, was admitted to probate as the will of the testator. Which of these contentions is the correct one must be determined from the record in the probate court.

The order of probate is as follows:

"At a circuit court held for Loudoun county, Oct. 16, 1907.

" A paper purporting to be the last will and testament of Charles Harris, deceased, together with a codicil thereto, was this day presented to the court, the said will being proved by the oaths of Charles P. Janney, one of the subscribing witnesses thereto, except that the erasure of lines 2–3–4–5 in clause 6, on page 1, were made since the signing and acknowledging of said paper writing by the testator in his presence, and the codicil being proved by the oaths of Charles P. Janney and N. S. Purcell, the subscribing witnesses thereto, it is ordered that the said will be recorded. And, on motion of J. D. Lambert, the executor therein named, who made oath and qualified as such by executing a bond with the

33

Fidelity and Deposit Company, of Maryland, by J. H. Alexander and Cecil Connor, attorneys in fact, his surety, in the penalty of five thousand dollars, conditioned according to law, certificate is granted him for obtaining a probate of the said will in due form, and it is ordered that the said bond be recorded. J. M. Darne, G. H. Lyne, W. W. Myers, Andrew Norman, and M. D. Ellmore, or any three of them, appraisers."

The clerk of the probate court, in transcribing the will upon the will book, omitted the italicized words in the sixth clause.

It appears from the order of probate that the writing purporting to be the last will and testament of Charles Harris, deceased, together with a codicil thereto, was presented to the Circuit Court of Loudoun county for probate. The order states that "the said will being proved by the oaths of Charles P. Janney, one of the subscribing witnesses thereto, except that the erasures of lines 2, 3, 4, 5, inclusive, in clause 6, on page 1, were made since the signing and acknowledging of said paper writing by the testator in his presence, and the codicil being proved by the oaths of Charles P. Janney and N. S. Purcell, the subscribing witnesses thereto, it is ordered that the said will be recorded."

It seems clear to me that what is said in the order of probate as to the erasures in the sixth clause of the will was the statement of the subscribing witness, Janney, that the said erasures had been made since the will was signed and acknowledged by the testator in his presence, and not a declaration of the court that, to the extent of the erased lines, the will had been revoked, and that in probating it those lines were excluded. There is nothing in the order of probate to indicate that the erased lines in the paper presented for probate were not a part of the will ordered to be probated. On the contrary, the sentence of the court is that "it is ordered that the said will be recorded." What will? Manifestly the paper offered for probate. Not only does the order of probate justify the conclusion that the court intended to admit the will to probate including the italicized words, but upon the evidence before it, as declared by the order, it would have been erroneous to have excluded them.

Section 2518 of the Code provides that "No will or codicil, or any part thereof, shall be revoked unless under the preceding

section" (which does not affect this case), "or by subsequent will or codicil, or by *some* writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed, or by the testator or some person in his presence and by his direction cutting, tearing, burning, obliterating, cancelling, or destroying the same, or the signature thereof, with the intent to revoke."

The paper offered for probate, including the italicized words, and proved to have been properly executed as a will, was to be treated by the probate court as the last will and testament of the deceased, in the absence of some evidence that the cancellation was done by the deceased, or by some person in his presence and by his direction, which would be sufficient to show that fact, or that the instrument was found after the testator's death among his repositories in the mutilated condition it was in when offered for probate, and under such circumstances that the fact of revocation might, to the extent of the cancellation, be presumed. See *Throckmorton* v. *Holt*, 180 U. S. 552, 583-'4, 45 L. Ed. 663, 21 Sup. Ct. 474, and authorities cited; 1 Minor's Inst. (1st Ed.), 1086; *Thomas* v. *Thomas*, 76 Minn. 237, 79 N. W. 104, 77 Am. St. 639; 1 Jarman on Wills (5th Ed.) 133; Schouler on Wills, sec. 401

No authority has been cited, nor have I found any case in my examination, which goes to the extent of holding that where a will finds its way into a probate court (as did the one in this case, for the order of probate does not show how it came into the court nor upon whose motion it was admitted to probate) partially cancelled or obliterated, without other evidence as to the cancellation or obliteration than that the cancellation or obliteration had occurred since the will was executed, there is any presumption that the cancellation or obliteration was made by the hand of the testator; for, as was said in *Johnston* v. *Johnston*, 1 Phillim. Ecc. Rep. 447, 497, cited with approval by the Supreme Court of the United States in *Throckmorton* v. *Holt, supra*, p. 584, "where it appears that a will was regularly made the presumption of law is strong in its favor—the intention to revoke must be plain and without doubt."

I am of opinion that the language of the order of probate shows

that the paper as offered for probate, including the italicized portion, was admitted to probate as the last will and testament of Charles Harris; and I am further of opinion that, even if the language of the order of probate were ambiguous as to whether the will was admitted to probate including or excluding the words italicized, the order should be construed as admitting the entire paper to probate; for to hold otherwise would be to solve the doubt, not in favor of, but against the presumed correctness of the court's action—a thing which ought not to be and, so far as I am advised, is never done.

I am confirmed in the conclusion that I have reached, that the entire paper offered for probate was admitted to probate as the last will and testament of the deceased, by the opinion of the learned judge who decided this case, who was the same judge that admitted the will to probate. He says, in the decree construing the will, "that said words (referring to the italicized words) constitute an essential part of and are to be construed as a part of the last will and testament of Charles Harris, deceased, as it was proven and admitted to probate in the Circuit Court of Loudoun county, Virginia, on the 16th day of October, 1907, and should have been spread upon the will book of said court by the clerk in transcribing the same."

Of course the clerk's error in failing to transcribe upon the will book the will as it was admitted to probate can have no effect upon the rights of the parties.

Having reached the conclusion, as did the trial court, that the cancelled or obliterated words in the writing offered for probate were parts of the will admitted to probate, the construction placed upon that clause of the will by the trial court was correct. Conceding that the name of the devisee and legatee in the sixth clause of the will is entirely obliterated, the other words scratched over can be deciphered with little difficulty, especially with a magnifying glass, and reading them as a part of that clause of the will, in the light of the evidence that the testator had only one grandson, the son of his daughter Mariah Allen, it is clear that the appellee, John Franklin Allen, was the devisee and legatee whose name had been obliterated, independent of the admissions and direct testimony in the case that the obliterated name was John Franklin Allen.

Since the appellee is entitled, under the sixth clause of the will, to the residue of the testator's estate after the payment of the debts of the estate, the legacies provided for by the other clauses of the will, and the costs of administration, the appellants' eighth assignment of error need not be considered, as they are not prejudiced by the decrees of June 22, 1910, even if they were erroneous, as they have no interest in the matters disposed of by those decrees.

I am of opinion that there is no error in either of the decrees appealed from to the prejudice of the appellants, and that they should be affirmed.

*Affirmed.*