## Richmond

### Ernest U. Conrad, Jr., Administrator, Etc.

### v.

### Mary Sue Carter, et al.

December 3, 1982.

Record No. 800557.

Present: All the Justices.

*John A. Conrad (Douglas P. Rucker, Jr.; Sands, Anderson, Marks & Miller,* on brief), for appellant.

*Alton B. Prillaman (Jolly, Place, Fralin & Prillaman,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we are asked to determine the disposition of certain property in the Estate of Indie C. Berk. The trial court held the property passed under specific bequests in the will, and appellant, who claims the property individually as a distributee of the estate, appeals.

Berk died in March, 1977, leaving behind a handwritten document which all parties concede is her last will and testament. This will contains a number of specific bequests, but has no residuary clause. Among the bequests is one to Mary Sue Carter of a corner cupboard and another to William Tinnell of a gold whiskey bottle. At some point, these bequests were scratched out by drawing numerous lines through them in ink. However, the trial court made a factual determination that the underlying writing is still legible.

In June, 1977, the will was admitted to probate by the deputy clerk of the Circuit Court of the City of Roanoke. The probate order recites that a writing was presented to the clerk, that "said writing" was proved by a witness to the will, and that, therefore, "said writing" is admitted to probate. Appellant, a nephew of the deceased, qualified as administrator of the estate.

In July, 1977, and again in June, 1978, counsel for the appellees wrote to the appellant or his counsel asking that the cupboard and bottle be distributed in accordance with the will. In the second letter, appellees suggested that the Administrator seek a judicial determination of the matter. However, the Administrator rejected this idea.

No further action was taken until July, 1979, when the Administrator's final accounting was approved by the Commissioner of Accounts. This accounting stated the cupboard and bottle had been distributed by the Administrator to himself. The appellees

filed an exception to the Commissioner's report, giving rise to this case.

The Administrator filed an answer to the exception, stating the will was unambiguous and proper distribution had been made according to its terms. The trial court heard oral arguments, and the parties agreed to submit legal memoranda. No evidence was heard by the court. Subsequent to the first hearing, the Administrator sought leave to file a cross-bill asking the court to interpret the will. Thereafter, he requested that the court hold an evidentiary hearing.

After further oral argument, the court issued a letter opinion. It denied leave to file the cross-bill, stating the Administrator had waited too long to take this action. The court held the probate order became final when no challenge was made within the time allowed by statute. The only question, then, was the meaning of the order. The court held that "said writing" must be interpreted to include the language which was scratched over, but still legible. Relying on this language, it ordered the Administrator to deliver the cupboard and bottle to the appellees.

▮▮▮ We affirm the decision of the trial court. Code § 64.1-77 empowers clerks and their authorized deputies to probate wills.

> In admitting a will to probate the clerk acts in a judicial capacity and the order made by him, admitting or rejecting a will, is as much a judgment as though entered by the court. His judgment is a judgment *in rem* whose validity can be drawn in question only in the manner and within the time prescribed by law.

*First Church of Christ* v. *Hutchings,* 209 Va. 158, 160, 163 S.E.2d 178, 179-80 (1968).

Code § 64.1-78 provides that any interested person has six months to appeal a probate order entered by a clerk. Under Code §§ 64.1-88 and -89, a person not a party to the probate proceeding may bring a bill to impeach the will within one year of the entry of the order. As the statute provides, after this time, the order is "forever binding." Code § 64.1-89. This being so, the question is what was probated by the order referring to "said writing."

The answer to this question is found in *Harris* v. *Wyatt,* 113 Va. 254, 74 S.E. 189 (1912). In *Harris,* the will offered for probate contained several lines that had been erased, but were appar-

ently still visible. The probate order recited that the witness proving the will had stated the erasure was not present at the time he witnessed the testator's signature. The order went on to state that "said will" was admitted to probate.

In *Harris,* as in the present case, the question was: to what document did the order refer? We held the entire will had been admitted to probate, including the lines erased. "[E]ven if the language of the order of probate were ambiguous as to whether the will was admitted to probate including or excluding . . . [the erasure], the order should be construed as admitting the entire paper to probate . . . ." *Id.* at 260, 74 S.E. at 191. Here, the trial court correctly held the entire will, including the bequests to the appellees, was probated.

In a second argument, appellant contends the court erred in not allowing him to file a cross-bill asking for construction of the will. Leave to file a late pleading is within the sound discretion of the trial court. Rule 1:9; *see also Westfall* v. *Westfall,* 196 Va. 97, 103, 82 S.E.2d 487, 490 (1954). The Administrator was aware for two years of a possible dispute over the will, but took no action before attempting final settlement. Indeed, he refused appellees' request that he seek a judicial interpretation of the will. After the instant proceeding was initiated, both sides proceeded on the assumption that the only question was one of law, and presented oral and written arguments to the court. The Administrator stated in his answer to the appellees' exception that the will was unambiguous. Given all of this, the court did not abuse its discretion in denying appellant's motion for leave to file a cross-bill, made as the case was drawing to a close.

For the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*