RICHARD LYLE HETLAND, ET AL.

V.

WORCESTER MUTUAL INSURANCE COMPANY

Record No. 821566

March 7, 1986

Present: Cochran, Poff, Compton, Stephenson, Russell and Thomas, JJ.

*William M. Mote (Ambrogi, Mote, Williamson & Erwin*, on brief), for appellants.

*D. P. Rabun (Larrick, White, Andre' & Rabun*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

On December 19, 1976, Richard and Mildred Hetland suffered fire and smoke damage to their residence and personal property. The Hetlands had a fire insurance policy with Worcester Mutual Insurance Company which insured the dwelling and unscheduled personal property. The policy also contained additional living-expense coverage.

After the fire, the Hetlands were lodged in a Winchester motel pursuant to the additional living-expense coverage of the policy. The Hetlands wanted the insurer to replace the kitchen cabinets and ceiling sheet rock, which were covered with black smoke, and certain other items damaged in the fire, but the insurer advised them it would exercise its option under the insurance contract to repair rather than replace. The Hetlands refused to allow the repair work to be performed. When the Hetlands sought reimbursement for their motel expenses, the insurer refused to pay those expenses until the Hetlands agreed to admit a contractor into the home for repairs.

On May 6, 1977, the Hetlands filed a warrant in debt in the amount of $3,851.36 against the insurer in the general district court. In the affidavit filed with the warrant, the plaintiffs expressly limited their claim to reimbursement under the additional living-expense provision of the policy for the motel expenses they had incurred. The warrant did not include a claim for damage to the residence or personal property.

Pursuant to § 16.1-92 of the Code, the insurer removed the case to the circuit court, and the case was scheduled to be tried on February 23, 1978. The trial court granted the Hetlands' motion to amend the warrant to increase the living-expense claim to $7,250.95, and the plaintiffs moved for a continuance. The case was then set for March 15, 1979, but due to conflicts in the court's docket, the trial date was postponed.

On March 22, 1979, the Hetlands again moved to amend the warrant, this time to include a claim for damage to their dwelling and unscheduled personal property. This motion was denied, and the case proceeded to trial on the claim for additional living expenses only. The jury returned a verdict of $2,292.26 against the defendant, and the court entered final judgment on the verdict. As stated by the Hetlands, the sole question presented on appeal is whether the trial court erred "in denying Appellants' Motion to

Amend the amount sued for to include damages to dwelling and personal property."

Rule 1:8 states, in pertinent part, "No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice." On appeal, review of the trial court's decision to grant or deny a motion to amend is limited to the question whether the trial judge abused his discretion. *See Griffin* v. *Rainer*, 212 Va. 627, 186 S.E.2d 10 (1972).

In the company's affidavit responding to the warrant, it requested that all issues be resolved by the court in one action. The Hetlands did not accept that request, and the record shows that they delayed resolution of the additional living-expense claim with motions, amendments, and a request for a continuance. It was not until March 22, 1979, 27 months after the loss* and 22 months after the action was filed, that the Hetlands sought to join their claims for dwelling and property damage with their claim for additional living expenses. By the time the Hetlands moved to amend the warrant to include these two claims, discovery and preparation for trial on the single issue of additional living expenses was virtually complete. As the trial court noted:

> [I]t would be over-liberal to defendant's detriment now to sustain the motion to amend, made not six weeks before the second anniversary of institution of the suit, after the allowance of one previous amendment of consequence, after trial had been set twice, and in the face of the defendant's initial desire expressed in an affidavit attached to its very first pleading that all matters in dispute under the policy be heard and concluded at one time.

The trial court's reasoning parallels that we employed in *Conrad* v. *Carter*, 224 Va. 485, 297 S.E.2d 706 (1982). There, a testator bequeathed a cupboard to Carter and a rare bottle to Tinnell. A deputy clerk of court entered an order admitting the will to probate. Conrad, an heir-at-law, qualified as administrator of the estate. Counsel for the legatees wrote to Conrad asking that the cupboard and bottle be delivered to them and suggesting that

---

* As required by § 38.1-366, the Hetlands' policy provided that "[n]o suit or action on this policy for the recovery of *any claim* shall be sustainable . . . unless commenced within two years next after inception of the loss." (Emphasis added).

the administrator seek a judicial determination of the dispute. Conrad rejected the suggestion and, in the administrator's final accounting, stated that the cupboard and bottle had been delivered to himself. The Commissioner of Accounts approved the accounting, and the legatees filed an exception. Conrad filed an answer, and the trial court heard oral argument.

Thereafter, Conrad sought leave to file a cross-bill asking the court to construe the will. His motion was filed two years after the dispute arose. This was more than a year after the entry of the order of probate, and Code §§ 64.1-88, -89 provided that a bill to impeach a will must be filed within one year. The trial court denied the motion for leave to file a cross-bill, and upheld the clerk's earlier order admitting the will to probate. On appeal, one of Conrad's contentions was that the court erred in denying his motion to file a cross-bill. Affirming the judgment and rejecting this assignment of error, we said:

> Leave to file a late pleading is within the sound discretion of the trial court. The Administrator was aware for two years of a possible dispute over the will, but took no action before attempting final settlement. Indeed, he refused appellees' request that he seek a judicial interpretation of the will. After the instant proceeding was initiated, both sides proceeded on the assumption that the only question was one of law, and presented oral and written arguments to the court. The Administrator stated in his answer to the appellees' exception that the will was unambiguous. Given all of this, the court did not abuse its discretion in denying appellant's motion for leave to file a cross-bill, made as the case was drawing to a close.

*Id.* at 489, 297 S.E.2d at 708-09 (citations omitted).

Because we cannot say as a matter of law that the trial court abused its discretion by denying the plaintiffs' motion to amend, we will affirm the judgment.

*Affirmed.*