## CIRCUIT COURT OF HENRICO COUNTY

T. Braxton Horsley

    v.

Life Insurance Co. of Va.

March 20, 1989

Case No. CL88000792

By JUDGE JAMES E. KULP

This matter is before the Court upon the plaintiff's motion for leave to file a Motion for Judgment as a substitute for his amended Bill of Complaint. In order to have a complete understanding of this case, it will be necessary to recite some of the circumstances.

Plaintiff filed a Bill of Complaint on August 5, 1986. The Bill of Complaint was in two counts, count one alleging a breach of contract seeking damages for unpaid compensation, and count two alleging a continuing breach of contract for which plaintiff sought damages in the amount of $100,000.00. On September 17, 1986, the Court conducted a hearing on plaintiff's motion for a temporary injunction. The injunction was denied, and thereafter plaintiff amended his Bill of Complaint on October 14, 1986, which the Court allowed.

The Amended Bill of Complaint was again in two counts. Count one again alleged a breach of contract and sought the same relief of damages for unpaid compensation. Count

two was the same as in the original Bill of Complaint and sought damages of $100,000.00 for a continuing breach of contract.

The Court once again conducted a hearing on January 22, 1988, at which time the Court affirmed its prior ruling of September 17, 1986, and transferred the case to the law side finding no equitable issues remaining. Shortly thereafter, the case was set for trial for April 18-20, 1989.

On March 10, 1989, the plaintiff came before the Court seeking leave to file his Motion for Judgment to which action defendant objects. Plaintiff asserts that when the Court transferred the case from the equity side to the law side on January 22, 1988, § 8.01-270 gives him the authority to amend his pleading at any stage of the proceeding.

The Court agrees with plaintiff up to a point. The amendment of pleadings referred to in § 8.01-270 is that which is necessary to conform them to the proper practice. The defendant's objection, however, is that plaintiff has done more in his amendment than merely conform his pleading to the proper practice.

While plaintiff's Motion for Judgment generally tracks the factual allegations in his Amended Bill of Complaint, he has changed his theory of recovery from unpaid compensation to restitution and also seeks $1,000,000.00 in punitive damages. Additionally, plaintiff's compensatory damages claim has jumped from $100,000.00 to $509,995.00.

The Court is of the opinion that the provisions of § 8.01-270 do not give the plaintiff the authority to amend his pleadings so as to change his theory of recovery or to increase his damages. Therefore, the Court turns to Rule 1:8, Rules of the Supreme Court of Virginia, to determine whether the plaintiff should be granted leave to file his Motion for Judgment in its present form.

Rule 1:8 provides for the liberal granting of leave to amend in the furtherance of justice. The Court must exercise its sound discretion in ruling on requests for leave to amend. The circumstances in this case are similar to those in *Hetland v. Worcester Mutual Insurance Co.*, 231 Va. 44 (1986). There the plaintiff's home was damaged by fire. Negotiations with their insurance company broke

down, and plaintiffs sued in debt for $3,851.36, limiting their claim to reimbursement under the additional living-expense provision of the policy. The plaintiffs did not include a claim for damages to the residence or personal property. The case was set for trial but continued when the court granted plaintiff's motion to increase the living expense claim to $7,250.95. Almost two years after the original claim was filed, the plaintiffs moved again to amend their suit to include a claim for damage to their dwelling and unscheduled personal property. This motion was denied, and the case proceeded to trial on the claim for additional living expenses only. The Supreme Court in affirming held that the trial court had not abused its discretion.

In this case the plaintiff's action was commenced thirty-two months ago, and the Court has allowed one amendment. Furthermore, plaintiff's request comes some thirteen months after the Court transferred the case to the law side and just over a month before trial is scheduled to commence. The plaintiff has offered no excuse for this delay, especially the delay after the Court transferred the case to the law side on January 22, 1988. To allow plaintiff to amend at this time after discovery and preparations for trial are virtually complete, would certainly require the Court to grant defendant a continuance of the trial. Finding no justifiable excuse for the plaintiff's delay in seeking this amendment, the Court will deny plaintiff's motion to amend.

Recognizing the provisions of § 8.01-270, the Court will grant plaintiff until March 30, 1989, to amend his pleading to conform it to the proper practice so as to obviate the objection that his action was not brought on the right side of the court. The defendant shall have until April 10, 1989, to file its response.