Present: Carrico, C.J., Compton, Stephenson,[1] Lacy, Keenan, and
  Koontz, JJ., and Whiting, Senior Justice

MOHAMAD A. AFIFY

                       OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.

v.  Record No. 961781          September 12, 1997

LINDA J. SIMMONS, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

In this appeal, we consider whether prior to July 1, 1997, a plaintiff who initially filed a claim in the general district court was permitted to amend the ad damnum clause of his claim to seek damages in excess of the civil jurisdictional limits of that court, Code § 16.1-77,[2] where the defendant has elected to remove the case to circuit court under Code § 16.1-92.

On September 30, 1993, Michael David Simmons and Linda J. Young Simmons filed three warrants in detinue in the City of Virginia Beach General District Court against Mohamad A. Afify. One warrant sought recovery of property or damages for property jointly owned by the Simmonses valued at $9,976, another sought to recover property or damages for property belonging to Mr. Simmons valued at $9,953, and the third, filed in her maiden name, sought recovery of property or damages for property belonging to Mrs. Simmons valued at $9,952.92. These claims arose out of the Simmonses' employment by Afify as resident

_____

[1]Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

[2]At all times relevant to this appeal, the civil jurisdictional limit for claims filed in a general district court was $10,000. As of July 1, 1997, that limit was increased to $15,000.

managers of a residential motel and his retention of their property after their employment was terminated.

On November 30, 1993, Afify filed an application, with the appropriate supporting affidavit, to remove the cases to the Circuit Court of the City of Virginia Beach. Following a stay in the proceedings pending conclusion of Afify's bankruptcy, the Simmonses filed a motion to amend the warrants in detinue in the form of a single motion for judgment. In the motion for judgment which was filed on March 13, 1995, the Simmonses asserted new claims for wages and unreimbursed expenses under a theory of breach of contract. The Simmonses further asserted a claim for conversion of the property previously itemized in their general district court claims, increasing the damages sought to $60,000. In addition, the Simmonses sought punitive damages in the amount of $120,000 for the alleged conversion. A subsequent amendment to the motion for judgment increased the claim for punitive damages to $330,000.

In a jury trial, the Simmonses were awarded compensatory damages of $20,800 for loss of personal property and unreimbursed expenses and punitive damages of $300,000. Afify filed a post-trial motion seeking, <u>inter</u> <u>alia</u>, to have the verdict reduced to comport with the civil jurisdictional limits of the general district court, asserting that those limits applied to claims removed to the circuit court. The circuit court denied this motion and entered judgment on the jury's verdict. We awarded Afify this appeal.

It is settled law in this Commonwealth that when <u>a judgment</u>

is rendered in the general district court, the jurisdictional limits of that court carry over to the appeal of that judgment in the circuit court. Stacy v. Mullins, 185 Va. 837, 844, 40 S.E.2d 260, 265 (1946); see also Hoffman v. Stuart, 188 Va. 785, 794, 51 S.E.2d 239, 244 (1949). In Hoffman, we went on to explain that the removal of a case from the general district court to the circuit court permits a defendant to file a counterclaim in excess of the jurisdictional limits of the general district court. Id. at 795, 51 S.E.2d at 244. The rationale supporting the holding expressed in Hoffman was that the claims of a defendant who promptly removes a case should not be subject to the jurisdictional limits of a tribunal not of his choosing and that one of the functions of removal is to afford the defendant the opportunity to select a forum in which his claims can be fully adjudicated. Id. Accordingly, unless an express provision in Code § 16.1-92, the statute permitting removal by the defendant of a plaintiff's claims from the general district court to the circuit court, authorizes the circuit court to exercise broader jurisdiction with respect to such claims, the plaintiff will remain bound by the civil jurisdictional limits of the general district court.

The Simmonses assert that our decision in Jackson v. Jackson, 236 Va. 199, 372 S.E.2d 155 (1988), implicitly found such authority within the statute. In Jackson, the trial court permitted the plaintiff, after removal, to increase the amount of her claims in a motion for judgment beyond the civil jurisdictional limits of the general district court and entered a

default judgment in her favor when the defendant failed to file a timely response.  Id. at 204, 372 S.E.2d at 158.  On appeal, the defendant did not assert that permitting the amendment was error, asserting instead that the removal affidavit was a responsive pleading barring the entry of a default judgment.  We limited our review to that issue.  Id. at 205, 372 S.E.2d at 159.

Similarly, in Hetland v. Worcester Mutual Insurance Co., 231 Va. 44, 340 S.E.2d 574 (1986), the trial court permitted a plaintiff to increase her ad damnum claim when filing her motion for judgment following removal, but refused as untimely a further amendment increasing the amount of her claims.  The initial increase did not exceed the jurisdictional limits of the general district court.  The issue presented to us in that case was whether the refusal to permit the further amendment was an abuse of discretion.  Holding that it was not, we did not reach the issue of whether the jurisdictional limits of the lower court would have otherwise prohibited the subsequent amendment.  Id. at 47, 340 S.E.2d at 576.

Accordingly, we have never before considered whether Code § 16.1-92, as in effect at the time Afify removed the Simmonses' cases, permitted the plaintiffs to increase the amount of their claims beyond the civil jurisdictional limits of the general district court following removal of the claims by the defendant to the circuit court.  We hold that it did not.

Prior to its amendment in 1997, the statute permitted the circuit court, following removal, to allow amendments, enter orders, and otherwise conduct proceedings "to correct any

defects, irregularities and omissions in the pleadings."[3]  Thus,
there was an express limitation in the statute on the power of
the circuit court to be liberal in granting leave to amend.  See
Rule 1:8.  Nothing in the statute at the time under consideration
expressly permitted the Simmonses to take advantage of the
jurisdiction of the circuit court in order to increase the amount
of the claims made in the general district court.

Moreover, none of the additions made by the Simmonses in the
original motion for judgment or the subsequent amended motion for
judgment were necessary to correct a defect, irregularity, or
omission in the warrants in detinue.  Accordingly, it was error
to permit the Simmonses to amend their original claims to
increase the damages sought to amounts in excess of the
jurisdictional limits of the general district court.  Because the
circuit court was without jurisdiction to consider the amended
claims, the trial and verdict on that pleading are nullities.

For these reasons, we will vacate the judgment of the
circuit court and remand the case for a new trial limited to the
claims raised in the original warrants in detinue and, with
respect to those claims, subject to the civil jurisdictional
limits of the general district court.[4]

---

[3]Code § 16.1-92 was amended effective July 1, 1997 allowing
the circuit court to "permit all necessary amendments, including
amendments to increase the amount of the claim above the
jurisdictional" limits of the general district court.  The
addition of this new language by the legislature lends support to
our conclusion that the prior form of the statute did not permit
such amendments.  See Wisniewski v. Johnson, 223 Va. 141, 144,
286 S.E.2d 223, 224-25 (1982); Richmond v. Sutherland, 114 Va.
688, 693, 77 S.E. 470, 472 (1913).

[4]Our resolution of the jurisdictional issue renders moot the

                                    <u>Vacated and remanded</u>.

---

remaining issues raised by the appellant.  In addition, the appellant has not raised an issue concerning the validity of the appellees' amendments asserting new theories of breach of contract and conversion following removal of the original claims to the circuit court.  Accordingly, we express no opinion as to these issues.