# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Linda J. Simmons
and Michael Simmons

v.

Mohammed A. Afify

September 15, 1998

Case No. (Law) CL98-1097

BY JUDGE THOMAS S. SHADRICK

This matter comes before the Court on Defendant's "Motion to Dismiss" based on the pleas in bar of "prior adjudication" and the running of the applicable statute of limitations. For the reasons set forth below, this Court finds that the saving provision of Code of Virginia (1950) § 8.01-229(E)(2), which tolls the running of limitation periods in certain circumstances, is inapplicable to the case at bar. Thus, Counts I, II, and III of Plaintiff's Motion for Judgment are time barred. Count IV of Plaintiff's Motion for Judgment is barred because Plaintiffs already have a pending action based upon the same conduct and asserting essentially the same cause of action.

The procedural history of this case is complex and bears repeating, since the case's posture governs its disposition. The causes of action pleaded in Counts I, II, and III of the Motion for Judgment filed in this matter originally came before the Court in the law action CL93-3542. That case originated as three warrants in detinue filed in the General District Court by the Simmonses, who sought the recovery of personal items allegedly retained by Defendant after Plaintiffs' employment at a motel owned by Defendant was terminated. Defendant removed that action to this Court, where it was designated CL93-3542. Thereafter, Plaintiffs were permitted to amend their warrants into one motion for judgment, seeking compensatory and punitive damages for breach

of contract and conversion of property. The *ad damnum* clause eventually was amended to seek compensatory damages in the amount of $60,000.00 and punitive damages in the amount of $330,000.00. A jury awarded the plaintiffs $20,800.00 in compensatory damages and $300,000.00 in punitive damages.

The matter was then appealed to the Virginia Supreme Court, which vacated the judgment in favor of Plaintiffs on the ground that Code of Virginia § 16.1-92, as in effect at the time of removal from General District Court, did not permit Plaintiffs to increase the amount of their claims beyond the jurisdictional limit of the district court. The Supreme Court remanded the case "for a new trial limited to the claims raised in the original warrants in detinue and, with respect to those claims, subject to the civil jurisdictional limits of the general district court." *Afify v. Simmons*, 254 Va. 315, 319 (1997). Following the remand of the case to this Court, Plaintiffs moved to suffer a voluntary nonsuit, which motion was denied by an order entered November 10, 1997. Plaintiffs then moved for leave to amend the warrants in detinue into a motion for judgment alleging breach of contract and conversion. This Court denied the motion for leave to amend by an order entered May 1, 1998.

On April 27, 1998, Plaintiffs commenced the case at bar, CL98-1097, by filing a new motion for judgment comprising three breach of contract claims (Counts I, II, and III) and one conversion claim (Count IV). Defendant filed a grounds of defense that contained, as affirmative defenses, pleas in bar of "prior adjudication" and the running of the applicable "statute of limitations." Defendants then filed a "Motion to Dismiss" and brought the matter on for a hearing.

At the hearing, Plaintiffs argued that the saving provision of Code of Virginia (1950) § 8.01-229(E)(2) applies to the case at bar. If the provision is applicable, then the limitations period for the breach of contract claims in Counts I, II, and III would have been tolled during the pendency of the CL93-3542 suit, and Plaintiffs would have one year from the Virginia Supreme Court's vacation of the CL93-3542 judgment to file the instant action. If Code of Virginia (1950) § 8.01-229(E)(2) is not applicable, then the limitations period for Counts I, II, and III would have run long before the motion for judgment was filed in the instant case, and those claims would be time barred.

The dignity the legislature attaches to a prescribed limitation period is evidenced by its enactment of Code of Virginia (1950) § 8.01-228, which provides that: "Every action for which a limitation period is prescribed by law *must be commenced* within the period prescribed in this chapter *unless otherwise specifically provided in this Code ... .*" *Strickland v. Simpkins*, 221 Va. 730, 734-5 (1981) (emphasis added). The specific provision relied upon

by Plaintiffs in the case at bar, Code of Virginia (1950) § 8.01-229(E)(2), states, in pertinent part, that:

> [i]f a *judgment* or decree *is rendered* for the plaintiff in any action commenced within the prescribed limitation period and *such judgment* or decree *is arrested or reversed* upon a ground which does not preclude a new action for the same cause ... then a new action may be brought within one year after such arrest or reversal or such loss or destruction, but not after.

Code of Virginia (1950) § 8.01-229(E)(2) (emphasis added).

Plaintiffs argue that they obtained a judgment in CL93-3542, which was "arrested or reversed upon a ground which does not preclude a new action for the same cause." by the decision of the Virginia Supreme Court in *Afify v. Simmons*, 254 Va. 315 (1997), therefore, the Motion for Judgment in CL98-1097 was timely filed pursuant to Code of Virginia (1950) § 8.01-229(E)(2). However, in *Afify*, the Supreme Court held that:

> it was error to permit the Simmonses to amend their original claims [in CL93-3542] to increase the damages sought to amounts in excess of the jurisdictional limits of the general district court. Because the circuit court was without jurisdiction to consider the amended claims, *the trial and verdict on that pleading are nullities.*

*Afify*, 254 Va. at 319 (emphasis added). Since the trial and verdict in CL93-3542 are nullities, there can be no judgment rendered for the purpose of Code of Virginia (1950) § 8.01-229(E)(2). Furthermore, the putative judgment in favor of Plaintiffs in CL93-3542 was neither "arrested" nor "reversed" by the Virginia Supreme Court. Rather, it was "vacated," which disposition the General Assembly omitted from the aegis of the saving provision. Accordingly, this Court therefore sustains Defendant's pleas in bar to Counts I, II, and III of the Motion for Judgment on the ground that they are time barred.

As for Count IV of the Plaintiff's Motion for Judgment, that count asserts essentially the exact same cause of action (detinue) currently pending against the same Defendant in the remanded CL93-3542, the difference being whether the primary relief is return of the property (detinue) or the value of the property (conversion). It has been long established that a plaintiff cannot simultaneously and separately maintain such actions against the same defendant for the same property. *See Griffin v. Birkhead*, 84 Va. 612, 616 (1888) (courts cannot

simultaneously adjudicate separate suits over the same subject matter and involving the same parties); *McAllister v. Harman*, 97 Va. 543, 548 (1899) (pendency of one suit may be set up to defeat another for the same matter). Since CL93-3542 was the action which was first initiated, Plaintiffs' subsequent action (CL98-1097) must be dismissed. *Lee v. Lee*, 142 Va. 244, 253 (1925) (general rule is that the suit in which process was first issued and served has precedence). Further, to permit Plaintiffs to pursue the action at issue would allow them to do indirectly what the Virginia Supreme Court has ruled they cannot do directly: amend the warrants in detinue to state a claim beyond the jurisdictional limits of the general district court.

Since Defendant's Motion for Sanctions was not argued at the July 8, 1998, hearing, it must be set for adjudication at a future date.