PRESENT: All the Justices

GEORGE PRIMOV

                                                 OPINION BY
v. Record No. 171381                    JUSTICE S. BERNARD GOODWYN
                                          August 23, 2018
SERCO, INC.

### FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

In this appeal, we consider whether the circuit court abused its discretion when it dismissed a complaint with prejudice upon sustaining a plea in bar for failure to comply with a contractual condition precedent before filing suit.

### BACKGROUND

On December 14, 2016, George Primov (Primov) filed a complaint in the Circuit Court of Fairfax County against Serco, Inc. (Serco), alleging breach of contract (Current Action). Primov had filed a similar breach of contract action against Serco (Initial Action) on September 30, 2015, which he nonsuited in August 2016.

In the Current Action, Primov alleges that, on June 24, 2012, he entered into an employment agreement with Serco, a U.S. military contractor (Employment Agreement), pursuant to which he agreed to work in Afghanistan, a location designated an "imminent danger zone" by the United States Department of State (State Department). He alleges that Serco drafted the Employment Agreement, and after its execution, Primov worked in Afghanistan from November 7, 2012 until September 1, 2014.

Primov asserts that, because of the "hazardous and dangerous conditions," Serco agreed to "compensate him by paying 'uplifts' to his agreed hourly rate" of $22.00. He alleged that the Employment Agreement "define[d] and quantifie[d]" danger uplifts and hardship uplifts according to State Department regulations. Primov contends that instead of the 35% uplifts for

danger and hardship designated by the State Department, he was only paid a 15% hardship uplift, and was not paid either the danger or hardship uplift on his overtime. Accordingly, Primov sought $61,014.80 in compensatory damages for Serco's alleged breach of the Employment Agreement.

Primov attached the Employment Agreement to his complaint. The Employment Agreement consists of an offer letter dated June 24, 2012 (Offer Letter) and a letter of assignment dated November 6, 2012 (Letter of Assignment). The Letter of Assignment states that it "confirm[ed]" Serco's and Primov's "mutual understanding of the terms and conditions" of Primov's employment and that the "provisions of [his] base compensation and employment terms are governed by the terms and conditions of [his] offer of employment." Paragraph 11 of the Letter of Assignment states that the Employment Agreement is governed by "the laws of the United States of America and the Commonwealth of Virginia," and also contains a mediation provision (Mediation Provision). The Mediation Provision states:

> The parties shall attempt in good faith to resolve any dispute arising out of or relating to this Agreement promptly by confidential mediation. If the dispute has not been resolved by mediation within 60 days of a written request to mediate made by one of the parties, then either party may bring suit in the state or federal courts located in Fairfax County, Virginia.

On March 24, 2017, Serco filed a plea in bar to the complaint.[1] In the plea in bar, Serco alleged that, pursuant to the Mediation Provision, "a written request to mediate" was a "condition precedent to initiating legal action." It argued that, because Primov did not first make a written request to mediate, he "failed to satisfy the condition precedent to seeking judicial relief for the

---

[1] Serco also filed a demurrer on March 24, 2017, but that is not before this Court on appeal.

2

alleged breach of contract," which failure "serve[d] as an absolute bar to [his] ability to proceed with this lawsuit."

Serco attached an excerpt of a March 18, 2016 deposition of Primov that was conducted in the Initial Action. In the deposition, Primov admitted that he did not send a claim to Serco regarding his asserted damages prior to filing the Initial Action.

Primov filed a brief in opposition to the plea on June 9, 2017. Among other things, he argued that he satisfied the "condition precedent" when he sent a letter to Serco on February 1, 2016, stating that he "would not be opposed to pursuing mediation concurrently with the court proceedings, so long as Mr. Primov does not have to incur any portion of the expense related to that process." Primov also argued that Serco waived its right to require he comply with the Mediation Provision because Serco did not raise his noncompliance with the Mediation Provision as a defense to the Initial Action.

Attached to his brief in opposition, Primov provided a copy of his complaint filed in the Initial Action and a copy of Serco's demurrer in the Initial Action. Primov also attached letters and emails from January 2016, in which Serco demanded he nonsuit the Initial Action for failing to state a claim, and because he had not complied with the Mediation Provision. Finally, Primov attached the February 1, 2016 letter, in which he stated that he "would not be opposed" to mediation and that Serco "should consider the bad publicity that likely will result should this lawsuit proceed."

The circuit court held a hearing on July 7, 2017, and issued a letter opinion on July 19, 2017. In its recitation of the facts, the circuit court noted that in the Initial Action, trial had been scheduled for August 15-17, 2016, but Primov had taken a voluntary nonsuit on August 16, 2016. Analyzing the plea, the court first found that the Mediation Provision was a condition

3

precedent to filing suit, because the provision "clearly states the parties must attempt mediation outside of court at the written request of the aggrieved party at least 60 days prior to initiating litigation." The court reasoned that Primov did not satisfy this condition because the February 1, 2016 letter was "not a request to mediate but rather an expression of willingness to do so." The court concluded that, because Primov did not satisfy the contractually imposed condition precedent to bringing suit, the appropriate remedy was dismissal of the complaint. On July 19, 2017, the court entered an order sustaining Serco's plea in bar and dismissing the complaint with prejudice.

Primov appeals. This Court granted one assignment of error which states:

> The circuit court erred by dismissing Primov's complaint *with prejudice*—an unduly harsh remedy—when it should have either declined to dismiss it at all, or else, dismiss it *without* prejudice.

ANALYSIS

Primov contends that, upon sustaining the plea in bar, the circuit court had two options: (1) permit the case to proceed "full steam ahead" or (2) "stay the proceedings for 60 days and order the parties to engage in good faith (but non-binding) mediation." He contends that dismissing the complaint with prejudice exceeded the available options and constituted an abuse of discretion as a matter of law. He further asserts that, under the circumstances, even a dismissal without prejudice would have constituted an abuse of discretion, and "would have been tantamount to a dismissal *with* prejudice."

A contract's condition precedent to initiating legal action is enforceable in Virginia. *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210, 695 S.E.2d 543, 547 (2010) ("[B]ecause compliance with [a specified contractual 60-day notice requirement for claims] is a condition precedent to instituting legal action, allegations of compliance with that section are

4

necessary to state a cause of action."). Indeed, the sole assignment of error in this case does not challenge the authority of the circuit court to enforce the contractual condition precedent—or the existence of such a condition in this case as a matter of contract interpretation—but only the discretion exercised by the circuit court in determining the proper consequence in the context of the present case for failure to comply with a condition precedent.

While matters of contract interpretation are reviewed de novo, *William H. Gordon Associates v. Heritage Fellowship*, 291 Va. 122, 139, 784 S.E.2d 265, 273 (2016), we review a circuit court's disposition of a claim for failing to comply with a condition precedent to filing suit for an abuse of the court's discretion.[2] As this Court has noted, "[t]he proper sanction for non-compliance [with a condition precedent] will depend on the circumstances of each case." *Morrison v. Bestler*, 239 Va. 166, 173, 387 S.E.2d 753, 758 (1990).

Indeed, the United States Supreme Court has recognized that

the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

---

[2] We note that courts of other jurisdictions have similarly held that the remedy for noncompliance with a condition precedent to initiating a legal action is reviewable for an abuse of discretion. *See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate."); *Dominion Transmission, Inc. v. Precision Pipeline, Inc.*, No. 3:13cv442-JAG, 2013 U.S. Dist. LEXIS 159164, at *11 (E.D. Va. Nov. 6, 2013) (unpublished) ("The Court, when confronted with a defendant's objection that the plaintiff failed to comply with a condition precedent, has the discretion to either stay or dismiss the case."); *N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 U.S. Dist. LEXIS 14130, at *31 (S.D. Ala. Feb. 18, 2010) (unpublished) ("When confronted with objections that plaintiffs have initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism.").

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "[A] judgment is the court's determination of the rights of the parties upon matters submitted to it in a proceeding," and "[t]he rendition of a judgment," such as a dismissal of an action, is a judicial act and an "exercise of judicial discretion." *In re Commonwealth's Attorney for Roanoke*, 265 Va. 313, 319, 576 S.E.2d 458, 462 (2003) (citation and internal quotation marks omitted).

Courts confronted with similar mandatory pre-litigation dispute resolution provisions in contracts have addressed noncompliance with the provision in various ways, including staying or dismissing the court proceedings. In *Tattoo Art, Inc. v. TAT International, LLC*, 711 F. Supp. 2d 645, 649 (E.D. Va. 2010), the parties' contract stated that "the parties will . . . request mediation of any dispute arising from [the contract] prior to bringing a lawsuit." The court reasoned that although "dismissing the instant lawsuit may ultimately prove inefficient and futile," it could not "simply ignore the clear intent of the parties." *Id.* at 652. It noted that "by failing to request mediation prior to filing this lawsuit, [the plaintiff] denied [the defendants] the benefit of their bargain." *Id.* The court dismissed the action "without prejudice," determining that its adjudication was not on the merits and that the plaintiff could refile the action. *Id.* at 655.

By contrast, in *American Technology Services v. Universal Travel Plan, Inc.*, Civil Action 1:05CV802(JC), 2005 U.S. Dist. LEXIS 49901, at *6-7 (E.D. Va. Aug. 8, 2005) (unpublished), the court stayed the proceedings for thirty days, rather than dismissing the claim, to permit the parties to comply with their contract's dispute resolution provision. Finding that the case was "still in the very early stages of litigation," that it was not clear "from the pleadings the extent to which the parties attempted to comply" with the dispute resolution provision, and that there would be "little prejudice to either side" by staying the proceedings, the court denied the motion to dismiss and ordered the parties to participate in a settlement conference. *Id.*

6

In *Morrison*, this Court ruled that the 90-day waiting period for initiating litigation, required by Code § 8.01-581.2 after giving notice of a medical malpractice claim, was a "mandatory procedural requirement," for which the proper sanction for noncompliance would vary due to the circumstances of each case. 239 Va. at 173, 387 S.E.2d at 757-58. In so holding, this Court noted that courts of other jurisdictions had sanctioned noncompliance with similar statutes by "dismiss[ing] the suit without prejudice, stay[ing] the proceedings, or abat[ing] the proceedings," but did not state that these were the exclusive remedies. *Id.*

> There are three primary ways a court can abuse its discretion:
>
> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a *clear error of judgment*.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (emphasis added) (citation and internal quotation marks omitted). "Whether such discretion has been properly exercised will, of course, depend upon the circumstances of the particular case." *Westfall v. Westfall*, 196 Va. 97, 103, 82 S.E.2d 487, 490 (1954).

On appeal, "an appellee is free to defend [the court's] judgment on any ground supported by the record, whether or not that ground was relied upon, rejected, or even considered by the [circuit] court so long as additional factual findings are unnecessary." *Robert & Bertha Robinson Family, LLC v. Allen*, 295 Va. 130, 141, 810 S.E.2d 48, 54 (2018) (citation and internal quotation marks omitted). We consider the entire record to determine whether the circuit court's exercise of its discretion was fairly supported. *Nolte v. MT Technical Enters., LLC*, 284 Va. 80, 92, 726 S.E.2d 339, 346 (2012).

7

The relevant circumstances in the case at bar include the terms of the contractually required condition precedent, the parties' compliance with the condition precedent, and the effects of a dismissal with and without prejudice.

In this instance, the Mediation Provision states that "*if* the dispute has not been resolved by mediation within 60 days of a written request to mediate . . . , *then* either party may bring suit." The contract clearly requires that a written request to mediate be made prior to bringing suit on the contract. The circuit court granted a plea in bar based upon Primov's failure to abide by the terms of the contract. Dismissal of the action was a disposition within the discretion of the court. It is undisputed that Primov denied Serco the benefit of its bargain, and that, rather than being in its initial stages, this was a case in which extensive discovery had been conducted in the Initial Action. There is no evidence that the circuit court failed to consider a relevant factor or considered any irrelevant factor in exercising its discretion. Further, there is not a clear error in judgment apparent in the court's decision to dismiss the case upon granting the plea in bar. There is no support for the proposition that the circuit court abused its discretion by dismissing, rather than staying, the Current Action.

Primov's assignment of error also asserts that the circuit court erred in dismissing the action with prejudice rather than without prejudice.

"A dismissal of a suit 'without prejudice' is no decision of a controversy on its merits, and leaves the whole subject of litigation as much open to another suit *as if no suit had ever been brought*." *Newberry v. Ruffin*, 102 Va. 73, 76, 45 S.E. 733, 733 (1903) (emphasis added) (citation and internal quotation marks omitted). "A dismissal without prejudice terminates the action and concludes the rights of the parties *in that particular action*." *United States v.*

8

*California*, 507 U.S. 746, 756 (1993) (emphasis added) (citation and internal quotation marks omitted). It does not prohibit the refiling of the action.

By contrast, "[d]ismissal of a suit 'with prejudice' is defined as an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." *Reed v. Liverman*, 250 Va. 97, 99, 458 S.E.2d 446, 447 (1995) (citation and internal quotation marks omitted). The underlying policy of a dismissal with prejudice

> is that when a plaintiff's claim against a defendant has been resolved adversely to the plaintiff, whether on the merits or because of another bar to recovery such as sovereign immunity or the statute of limitations, the plaintiff is not allowed to subject the defendant to repetitive litigation on the same, previously resolved claim.

*Lambert v. Javed*, 273 Va. 307, 311, 641 S.E.2d 109, 111 (2007).

> A dismissal based on a plea in bar, *such as a plea of sovereign immunity*, is a dismissal with prejudice. In these circumstances, the ability of a plaintiff to pursue a claim against the defendant is finally determined, although not on the merits of the plaintiff's claim against the defendant.

*Gilbreath v. Brewster*, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995) (emphasis added).

In similar discretionary contexts, such as whether to grant a motion to reconsider or leave to amend, this Court has affirmed the circuit court's discretion to dismiss the claim with prejudice when amendment or reconsideration "would accomplish nothing more than provide an opportunity for reargument of the question already decided." *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403-04, 337 S.E.2d 744, 749 (1985) (affirming denial of leave to amend and motion to reconsider where "court's ruling with respect to the amended motion for judgment would necessarily have been based upon the same ground as its original ruling"). As this Court stated, "[t]he trial courts labor under increasing burdens, and judicial economy requires that litigants have one, but only one, full and fair opportunity to argue a question of law." *Id.* at 403, 337 S.E.2d at 749.

9

Additionally, a circuit court does not abuse its discretion where it finds that permitting an amendment or granting leave to file a late pleading would unfairly prejudice the opposing party. *Hetland v. Worcester Mut. Ins. Co.*, 231 Va. 44, 46, 340 S.E.2d 574, 575 (1986) (holding circuit court did not abuse its discretion where plaintiffs did not seek to add two claims until "discovery and preparation for trial on the single issue . . . was virtually complete"); *Conrad v. Carter*, 224 Va. 485, 489, 297 S.E.2d 706, 708 (1982) (affirming denial of leave to file late counterclaim where defendant "was aware for two years of a possible dispute over the will," and sought to file a counterclaim after the court held a hearing on the plaintiffs' claim). *But see Mortarino v. Consultant Engineering Servs., Inc.*, 251 Va. 289, 296, 467 S.E.2d 778, 782 (1996) (concluding the circuit court abused its discretion where "nothing in the record suggest[ed] that the defendants would have been prejudiced" by the amendment and the plaintiff "had not previously amended" his pleading).

Unlike a plea of the statute of limitations or sovereign immunity, in which instances the basis for the plea cannot be remedied even if the case is refiled, in the case of a plea in bar based upon a condition precedent to suit the party not in compliance could subsequently satisfy the condition precedent and file a new action or claim. In giving the opportunity to correct the noncompliance, the court is not simply giving the litigant another "opportunity for reargument of the question already decided," *see Hechler Chevrolet, Inc.*, 230 Va. at 403-04, 337 S.E.2d at 749, but rather an opportunity to have the case decided on the merits. Thus, a dismissal without prejudice, stay, or abatement would be the most suitable remedies for noncompliance with a contractual condition precedent for filing a lawsuit, provided such remedies do not unfairly prejudice the opposing party. *See Mortarino*, 251 Va. at 296, 467 S.E.2d at 782.

10

Here, however, there is evidence to support the circuit court's decision to dismiss Primov's complaint with prejudice for failing to comply with the Mediation Provision. Primov had the opportunity to fully litigate his claim in the Initial Action, a similar action, that he nonsuited at the trial date, and Primov filed the Initial Action without requesting mediation as required by the Employment Agreement. After being made aware of the Mediation Provision four months into the Initial Action, Primov did not request mediation, but continued litigating the Initial Action for another five months before nonsuiting on the trial date. Even after nonsuiting the Initial Action, Primov still failed to request mediation before filing the Current Action, thus depriving Serco of the benefit of its contracted bargain, despite sending Serco a letter stating that he knew Serco did not want the publicity of a lawsuit. Further, Primov states in his brief and upon oral argument that he believes the practical effects of a dismissal without prejudice would be the same as a dismissal with prejudice in this case.[3]

Considering the efforts expended by the parties in the Initial Action and Primov's repeated failures to comply with the Mediation Provision, we cannot say that the circuit court committed "a clear error of judgment" by dismissing this case with prejudice.

CONCLUSION

Under the circumstances of this case, the circuit court did not abuse its discretion when it dismissed the complaint with prejudice due to Primov's failure to comply with a mandatory condition precedent to filing suit. The decision of the circuit court dismissing the complaint with prejudice is affirmed.

*Affirmed.*

---

[3] This Court need not and does not resolve whether this statement is accurate, as a matter of law, in this instance.

11