## Staunton

### The First Church of Christ, Scientist v. Alberta A. A. Hutchings and Others.

September 6, 1968.

Record No. 6733.

Present, All the Justices.

*William A. Redfern, Jr.* (*Redfern, Spencer & Rivers,* on brief), for appellant.

No brief or argument for appellees.

Eggleston, C.J., delivered the opinion of the court.

Alberta A. A. Hutchings and others, alleging that they were among the heirs at law of Beulah A. Farrar, who had died on December 10, 1965, filed a bill in the court below against The First Church of Christ, Scientist, and others, praying for the construction of a holographic will of the decedent which had been admitted to probate in the clerk's office of the lower court on January 10, 1966. The will read as follows:

"I Beulah A. Farrar
   "I want to give

my money left to the Mother
Church in Boston Mass   it has
been a great help to me
      "Beulah A. Farrar
      "July 17th 1965"

The bill alleged that at the time of her death the testatrix owned certain real property in the city of Norfolk and certain "miscellaneous personal property," including money deposited to her credit in savings accounts in several banks. It also alleged that The First Church of Christ, Scientist, claimed to be the "sole devisee" of the real property and that one of the named defendants, Rosalie Riggins, claimed to be "the owner" of the real property.

Filed as exhibits with the bill were a photostatic copy of the will and a certified copy of the order of probate entered in the clerk's office of the lower court. This order recites that upon proof that the paper writing and the name thereto subscribed had been written wholly in the handwriting of Beulah A. Farrar, deceased, "it is considered by the Clerk that the said will has been duly and fully proved and the same is ordered admitted to probate and recorded as the true last will and testament of Beulah A. Farrar, deceased, in due form."

The First Church of Christ, Scientist, filed an answer alleging that it was the intent of the decedent by the terms of her will "to leave all of her worldly possessions" to this church. It prayed that the will be construed and a decree to that effect be entered.

Rosalie Riggins, one of the defendants, filed a demurrer to the bill, alleging that the purported will "shows on its face that it does not meet the statutory requirements of a will," and that, therefore, there was no need that it be construed.

The lower court entered an order sustaining the demurrer and dismissing the bill of complaint upon the stated "holding that the paper writing admitted to probate lacks testamentary intent." From this order The First Church of Christ, Scientist, has appealed claiming that the lower court erred (1) in holding that the paper writing admitted to probate lacks testamentary intent, and (2) in sustaining the demurrer to the bill, because it constitutes a collateral attack on the order of probate which is improper and unauthorized in law.

It is elementary that to constitute a valid will a paper offered for probate must have been designed or intended to operate as a disposi-

tion of the testator's property to take effect after his death. 20 Mich. Jur., Wills, § 19, p. 155 *ff.*, and cases there collected. In this jurisdiction such testamentary intent must appear from the face of the paper itself. *Grimes* v. *Crouch*, 175 Va. 126, 132, 7 S. E. 2d 115, 117 (1940); *Poindexter* v. *Jones*, 200 Va. 372, 376, 377, 106 S. E. 2d 144, 146, 147 (1958).

In the present case we are not called upon to decide whether the language used in the paper writing indicates on its face a testamentary intent, or whether, as the lower court ruled, it "lacks testamentary intent." That question was settled by the order admitting the paper to probate. In admitting a will to probate the clerk acts in a judicial capacity and the order made by him, admitting or rejecting a will, is as much a judgment as though entered by the court. His judgment is a judgment *in rem* whose validity can be drawn in question only in the manner and within the time prescribed by law.

Here the clerk's order admitting the paper to probate as the true last will and testament of the testatrix was an adjudication not only that the will was duly executed, but of all other questions necessary to the validity of the testamentary act. *Queensbury* v. *Vial*, 123 Va. 219, 221, 222, 96 S. E. 173, 174 (1918). It was necessarily a finding that the paper was testamentary in character, for without such finding it could not have been admitted to probate as "the true last will and testament" of Beulah A. Farrar.

While the precise question has not heretofore been presented to us, it is well settled elsewhere that such order of probate establishes the fact that the instrument is testamentary in character. Bowe-Parker: Page on Wills (1961), Vol. 3, § 26.142, p. 329; *Id.*, § 26.81, p. 167; 95 C. J. S., Wills § 577 c.(4), p. 681; *Midlow* v. *Ray's Adm'x*, 302 Ky. 471, 194 S. W. 2d 847, 848 (1946); *Barth* v. *Citizens Fidelity Bank & Trust Co.*, Ky., 368 S. W. 2d 339, 342 (1963).

It is also well settled in this jurisdiction and elsewhere that an order or judgment of a clerk, or court having jurisdiction of the matter, admitting a paper to probate is a judgment *in rem*, binding not only the immediate parties to the proceeding in which the order is had, but all other persons and all other courts with respect to property within the jurisdiction of the probate court.[1] Such an order of probate

---

[1] In a probate proceeding the court inquires as to the validity of a will so far as it affects property within its jurisdiction. A probate proceeding in a Florida court does not determine whether real estate in Virginia passes under the will. *French, Ex'r* v. *Short*, 207 Va. 548, 554, 555, 151 S. E. 2d 354, 359 (1966).

cannot be attacked collaterally and can be assailed only in the manner provided by law. 20 Mich. Jur., Wills, § 58, p. 213; Harrison on Wills and Administration, 2d Ed., Vol. 1, § 172(6), pp. 262, 263; *In re Will of Bentley*, 175 Va. 456, 460, 9 S.E.2d 308, 310 (1940); Bowe-Parker: Page on Wills (1961), Vol. 3, § 26.113, p. 249; 95 C. J. S., Wills § 583, p. 707 *ff*.

Our statutes provide two ways in which an order of probate may be assailed and a proper attack must follow one of them. Under Code § 64-74, "Any person interested may, within six months after the entering of such an order, appeal therefrom as a matter of right * * * to the court whose clerk, or deputy, has made the order." The statute further provides that in such a proceeding the court shall hear and determine the matter as though it had been presented to it in the first instance. *Dominion National Bank* v. *Jones*, 202 Va. 502, 506, 118 S. E. 2d 672, 674 (1961).

Under Code § 64-84 a person interested, who was not a party to the probate proceeding, may proceed by a bill in equity to impeach or establish the will. Under § 64-85 such bill must be filed within one year from the time of the order of probate in the court in which, or in the clerk's office of which, the will was admitted to probate. *Cowper* v. *Sargeant*, 160 Va. 562, 563, 564, 169 S. E. 920, 921 (1933). This section further provides that if no such bill be filed within that time, "the sentence or order shall be forever binding."

It is thus clear that the lower court was without authority or jurisdiction to entertain the demurrer which constituted a collateral attack on the order of probate. It should have overruled the demurrer and proceeded to construe the will, as prayed for in the bill of complaint and the answer of the church.

The judgment appealed from is reversed and the case remanded to the lower court for further proceedings in accordance with the views here expressed.

*Reversed and remanded.*