## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Alma Pleasant Parsley,
deceased

December 31, 1974

By JUDGE ALEX H. SANDS, JR.

The question before the court for determination is, at this juncture, one of procedure only.

By holographic will dated February 19, 1963, Alma Pleasant Parsley (testatrix) provided that all of her estate be equally divided between her sister (Mena Gertrude Barrett) and Mena's daughter (testatrix's niece), Elsa Marie Pendleton, such will naming Mena Barrett as executrix.

Following the death of testatrix on November 5, 1974, this will was, on November 13, 1974, offered for probate and was probated in this court.

On December 11, 1974, Mrs. Ethel Fitzgerald Staller, after due notice to Mrs. Barrett, moved for the probate of what purported to be a holographic will of Alma Pleasant Parsley dated October 25, 1971, which by its terms left her entire estate to her, Mrs. Staller. This motion was opposed by the two beneficiaries under the 1963 will.

The beneficiaries under the 1963 will contend that the matter can be brought on for determination by Mrs. Staller only by proceeding either under Virginia Code Section 64.1-78 or § 64.1-88. Mrs. Staller contends that as she is neither attacking nor attempting to impeach the 1963 will, neither of these sections is applicable.

That the two wills are totally inconsistent with one another is conceded by all parties.

If not conceded, the court further finds it to be a fact that the single issue to be ultimately resolved is one of *devisavit vel non* in regards the 1971 will.

Mrs. Staller has available to her two courses of

action. She may attack the probate of the 1963 will. If she so elects she *must* proceed either under Code Section 64.1-78 or § 64.1-88. *First Church of Christ* v. *Hutchings*, 209 Va. 158 (1968). It is readily apparent from a reading of the cases construing these sections that they apply only where there is an attack upon the previous probate proceeding. But she may also, if she so elects, ignore the 1963 probate proceeding and endeavor to probate the 1971 will without attacking the probate of the 1963 will. *In re Will of Bentley*, 175 Va. 456 (1940). While that portion of the *Bentley* opinion which bears upon the issue at hand is concededly *dicta*, the reasoning supporting it is sound, and the court, in Shepardizing this opinion, finds no instance in which its soundness, as to that part which deals with our problem, has been challenged. Clearly, Mrs. Staller has elected to follow the latter route, and her procedure should follow the provisions of Code Section 64.1-79, *et seq.* The beneficiaries under the will of 1963 and the executor thereunder being the only persons interested in opposing the probate of the 1971 will, and they having already appeared in opposition to the probate, it would appear that all proper and necessary parties have been convened in contemplation of § 64.1-82 and are before the court.

The court will, pursuant to § 64.1-83, require all the testamentary papers of the testatrix to be produced, and will further order a trial by jury to determine which of such papers be the will of the decedent.

The question as to whether the named executrix or an administrator c.t.a. should administer the estate should be postponed pending the outcome of the trial.