## CIRCUIT COURT OF WARREN COUNTY

Ronald Lewis Napier, Admr. c.t.a.
of the estate of Hannah More Vint

v.

Presbyterian Home et al.

Case No. (Chancery) 4386

By JUDGE HENRY H. WHITING

September 18, 1984

Counsel for the proponent of the last executed document have cited First Church of Christ, Scientist v. Hutchings, 209 Va. 158, 163 S.E.2d 178 (1968), as holding that when the Clerk probated the will in an ex parte proceeding the "question was decided and settled by the order admitting the paper to probate."

> In admitting a will to probate, the Court ruled, the Clerk acts in a judicial capacity and the order made by him admitting or rejecting a will is as much a judgment as though entered by the Court the validity of which can be challenged only in the manner prescribed by law.

Paradoxically he concludes:

> We do not urge that the Court can not rule on the question. Indeed it can. What we do urge is that an officer of the Court, acting in a judicial capacity, has, in the case at bar, decided the question of testamentary intent in the November 4, 1950, Will until

this Court rules otherwise. The Clerk must have opined that it was a valid Will or probate would have been denied.

I believe the Clerk's order in this case forecloses <u>all</u> debate about lack of testamentary intent in all the documents probated. Since no one argued the point. I will give the proponents of those documents earlier than the November 4, 1950, "will" twenty one days in which to distinguish <u>Hutchings</u> and <u>Conrad</u> v. <u>Carter</u>, 224 Va. 485 (1982), a later case discovered in my independent research, fourteen days for reply by any opponents thereof, seven days for rebuttal by the proponents.

January 16, 1985

As you know, I raised the question in my letter of September 18, 1984, as to whether I had jurisdiction to declare the will invalid, as suggested by proponents or other wills, when no appeal had been taken to the Clerk's order of probate within the required six-month period, and gave counsel the right to file further authorities. I have read the supplemental memoranda and have found nothing therein to change my mind. In order to be certain of my initial feeling that the Court had no jurisdiction, I conducted independent research and discovered the following authorities in support of the position that the Court has no jurisdiction to hear the matters raised in the bill of complaint.

Section 172(6) of <u>Harrison on Wills</u>, 2d ed., page 262, puts it succinctly:

Nothing seems to be better settled than that a judgment admitting a will to probate or rejecting a will is final and conclusive on all parties whether parties to the immediate proceedings or not, and on all courts, and cannot be questioned except in the method prescribed by the statute. Almost every possible error that a court could commit in the admission of a will to record has been

attempted to be set up to impeach the action of the probate court, but from the earliest decisions to the latest there has been one unbroken current of authority to maintain the unimpeachable character collaterally of a probate procedure. An inspection of the cases will show that in many instances where wills have been admitted to probate which ought not to have been admitted to probate, they have been unimpeachable because not impeached in the method and within the time prescribed by statute. Prior to the time a married woman could make a will, the will of a married woman admitted to probate was held unimpeachable. A will of lands attested by only one witness, admitted to probate, was held to be unimpeachable. Wills admitted to probate in the local courts which had no territorial jurisdiction under the statute have been held unimpeachable. Wills revoked by subsequent marriage also have been held unimpeachable. So there is hardly a question which has not been made the basis of collateral attack unsuccessfully.

The pocket part of the same section of Harrison makes the following statement, citing and quoting First Church of Christ, Scientist v. Hutchings, 209 Va. 158 (1968):

In admitting a will to probate the clerk acts in a judicial capacity and the order made by him admitting or rejecting a will is as much a judgment as though entered by the court. His judgment is a judgment in rem whose validity can be drawn in question only in the manner and within the time prescribed by law. A holographic will was admitted to probate by order of the clerk, and later a bill was filed in the corporation court of the City of Norfolk for construction of the will. A demurrer was filed to the bill alleging that the will on its face did not

show testamentary intent, and the trial court sustained the demurrer and dismissed the bill. It was held that the trial court was without authority or jurisdiction to entertain the demurrer because it constituted a collateral attack on the clerk's order or judgment of probate. (Citing First Church of Christ.)

There are two ways in which an order of probate may be assailed and a proper attack must follow one of them. One is by appeal from the order of the clerk within six months under section 64.1-78, and the other is by bill in equity under section 64.1-88 to impeach or establish a will filed within one year from the order of probate.

That pocket part was published in 1975 and Conrad v. Carter, 224 Va. 485 (1982), cited and echoed Hutchings in holding that a court could not go behind a clerk's order of probate in an effort to delete certain provisions in the will covered by the order of probate.

The thrust of the argument made by proponents of other wills in the recent memorandum of authorities is that "all parties waived any objection to the filing of the bill questioning the testamentary intent of the November 4th, 1950, writing, where it was not filed within six months of the probate order." (Page 5, memorandum of authorities filed October 9, 1984.) No authority is cited in support of that contention and unhappily no authority was cited to the contrary by the proponents of the will which was probated. However, independent research by the Court disclosed the case of Lucas v. Biller, 204 Va. 309 (1963), which held that subject matter jurisdiction could never be waived. In Lucas the trial court had refused to permit pleadings to be amended just before the trial to show that plaintiff was covered by workmen's compensation, ousting the common law court of jurisdiction over the subject matter of the suit, which was an action to recover for personal injuries. The Appellate Court reversed the lower court, and in doing so said:

> Jurisdiction of the subject matter cannot be obtained by consent of the parties, waiver or estoppel. The subjects over which the various courts of this State shall have jurisdiction, if not fixed by the Constitution, shall be determined only by the legislature, and a judgment rendered outside of the jurisdiction so conferred is void. [Citing cases] Id. at 313.

Lucas is cne of the cases cited in support of the statement that:

> It is generally settled that there can be no valid waiver of an objection that the court lacks jurisdiction over the subject matter and that there can be no estoppel to object on this ground. Section 95 Courts, 20 Am. Jur. 2d 455.

That same work indicates that:

> Objection based on the ground of absence of jurisdiction over the subject matter must be considered and may be effectively raised at at any time. Hence, such an objection may be raised for the first time in the appellate court and may even be raised by way of collateral attack. Section 95 Courts, 20 Am. Jur. 2d 457.

Indeed, if the Court lacks subject matter jurisdiction it should raise that issue itself, as it did in this case. Section 92 Courts, 20 Am. Jur. 2d 453.

Queensbury v. Vial, 123 Va. 219 (1918), laid to rest any doubt about the limited jurisdiction of a court of equity to hear an attack on a will on the ground of fraud, undue influence, lack of testamentary capacity and, I believe, testamentary intent as well. As that Court said in quoting another earlier case:

"The probate jurisdiction of clerks and of the Virginia courts is purely statutory; and the statute bestowing the authority defines the limits of its exercise. The statute confers no general equity jurisdiction." Courts of equity have no inherent jurisdiction to set aside wills on the ground of fraud, undue influence, or lack of testamentary capacity on the part of the testator. Jurisdiction of these questions is to be found solely in the statute on the subject.

The clerk in admitting a will to probate acts in a judicial capacity [citing a case], and the order made by him admitting or rejecting the will is as much a judgment as though rendered by a court. His judgment is a judgment in rem whose validity can be drawn in question only by appeal in the manner and within the time prescribed by law. It cannot be collaterally assailed. . . . The adjudication of the clerk that the paper is the true last will and testament of the testatrix was an adjudication not only that the will was duly executed, but of all other questions necessary to the validity of the testamentary act, and this adjudication could not be assailed except in the manner pointed out by the statute. Id., at 221-222.

For the reasons assigned in this letter and in the Court's earlier letter of September 18, 1984, the Court finds that it has no jurisdiction to declare that any of the wills probated are not valid wills and holds that the estate must be distributed in accord with them: The Court does not find that the suit should be dismissed because the administrator also seeks the advice and direction of the Court in the administration of the estate and that relief may be granted in this suit.