[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 FACTS
This matter is before the court in connection with the defendant's motion for summary judgment. The plaintiff appeals from a Waterbury probate court decree denying the admission of an alleged codicil to the will of Thomas D. Garofalo. In her reasons for appeal, the plaintiff makes the following factual allegations. On January 17, 1974, Thomas P. Garofalo (decedent), executed a document as his Last Will and Testament in Waterbury, Connecticut. The decedent, on November 15, 1995, while on vacation in Virginia, executed a handwritten document which purportedly modified the previous last will and testament of January 17, 1974. The 1995 document directs that one lot which was owned by the decedent at "Lake Woodridge Goshen, CT" and one-third of his estate be given to the plaintiff.[1] The plaintiff further alleges that at the time of execution, the decedent was of sound mind, not acting under undue or improper influence. The plaintiff also claims that the decedent was in full command of his faculties, and this document was a free and voluntary CT Page 1105 expression of his testamentary intent.
 DISCUSSION
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated. . . . The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion."Appleton v. Board of Education, 53 Conn. App. 252, 259, 730 A.2d 88
(1999). "Our Supreme Court has held that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Id., 259-60.
Although this action is pending in Connecticut, the parties agree that Virginia substantive law should be applied to determine the validity of the decedent's November 1995 document. As a general matter, "[a] will is an ambulatory instrument, not intended or allowed to take effect until the death of the maker." Timberlake v. State Planters Bank, 201 Va. 950,957, 115 S.E.2d 39 (1960). "It may be changed during life as often as the mind and the purpose of the testator change." Id. "Changes or additions to a will are usually made by a codicil." Fenton v. Davis, 187 Va. 465,470, 47 S.E.2d 373 (1948). "Although no particular form is necessary to constitute a valid will or codicil to a will, it must satisfactorily appear from the document offered as a will or codicil that the decedent intended by the paper itself to make a disposition of his property after his death in favor of the party claiming thereunder." Quesenberry v.Funk, 203 Va. 619, 624, 125 S.E.2d 869 (1962). "If the testamentary intention may be determined from other parts of the will, the formal expression of such intention is not essential and is frequently omitted when testamentary instruments are prepared by unskilled people." Moon v.Norvell, 184 Va. 842, 850, 36 S.E.2d 632 (1946)
Some evidence on testamentary intent must be ascertained from the face of the writing. Poindexter v. Jones, 200 Va. 372, 377, 106 S.E.2d 144
(1958); Wolfe v. Wolfe, 248 Va. 359, 360, 448 S.E.2d 408 (1994). "The determination whether the face of an instrument contains evidence of testamentary intent is a matter of law to be decided by the trial court."Bailey v. Kerns, 246 Va. 158, 162, 431 S.E.2d 312 (1993). As a general rule, "[i]f the trial court determines that there is no evidence of testamentary intent within the four corners of the instrument, as a matter of law, that instrument is not a valid will." Id. However, "[w]hen the face of the instrument contains some evidence of testamentary CT Page 1106 intent, extrinsic evidence may be admitted to determine whether the instrument is testamentary in nature." Id.; see also Gaymon v. Gaymon,258 Va. 225, 230, 519 S.E.2d 142 (1999) (finding that extrinsic evidence may be considered when the language of a will is ambiguous.)
For purposes of this motion, the decedent's testamentary capacity and proof of his handwriting are not in dispute. The decedent's testamentary intent, however, is at issue. At the outset, it is important to note that the decedent's November 1995 instrument does not contain an introductory paragraph that either expressly revokes, revises or modifies his Last Will and Testament of January, 1974. A formal expression, however, is not essential in determining the testamentary intention, if any, of the decedent. Moon v. Norvell, supra, 184 Va. 850. Therefore, in assessing whether testamentary intent exists on the face of the instrument, it is imperative to examine all of the instrument's parts. Bailey v. Kerns, supra, 246 Va. 162.
As previously noted, the 1995 document refers to both a "gift" and an "estate". In the second sentence of the document, Mr. Garofalo declares that "I want to give my very special lady who I love . . . a gift of one lot of her choice. . . ." In the next sentence, however, the decedent declares, "Also one third of my estate to give to Nina NeJame Marcussio . . ." The decedent's use of both of the words "estate" and "give" in his November 1995 instrument is the source of the present dispute. "[T]here are various ways of expressing the same thought and there are many different shades of meaning which a group of words may convey; individuals differ in their knowledge of grammar and in their manner of expression." Gillespie v. Davis, 242 Va. 300, 303-04, 410 S.E.2d 613
(1991). The use of the word "give" usually implies an immediate delivery of possession. Poindexter v. Jones, supra, 200 Va. 378. Conversely, the use of the word "estate" ordinarily denotes everything real and personal over which the testator has disposing power. Neblett v. Smith, 142 Va. 840,128 S.E. 247 (1925).
Under the circumstances of this case, the decedent's use of the word "estate" constitutes some evidence of testamentary intent, despite the apparent inconsistency created by the testator's use of the word "give." The plaintiff properly notes in her memorandum in opposition to the motion for summary judgment that "[t]he fact that [the decedent] describes the latter property as his `estate' is of significance in that it illustrates his understanding that any transfer of property would come from any estate, which he as a businessman would realize, is not created until his demise."
A review of the Virginia Supreme Court's rulings in Grimes v. Crouch,175 Va. 126, 7 S.E.2d 115 (1940) and First Church of Christ, ScientistCT Page 1107v. Hutchings, 163 S.E.2d 178 (1968) indicate that the Virginia courts do not give talismanic effect to the words used by a testator attempting to dispose of property after death, but instead attempt to glean the intent from a review of the document in its entirety. In First Church ofChrist, Scientist v. Hutchings, supra, 163 S.E.2d 179, the court found that the following language constituted a valid will: "I want to give my money left to the Mother Church in Boston Mass. it has been a great help to me." Similarly, in Grimes v. Crouch, supra, 175 Va. 129, the court found evidence of testamentary intent on the face of a holographic writing which provided: "Ever thing left to sister for life times." In the present case, the decedent's use of the word "estate" reflects comparable testamentary intent, thereby creating a genuine issue of material fact, and making this matter inappropriate for resolution by summary judgment. Due to the decedent's use of the word "gift," however, at the time of trial, extrinsic evidence may be offered to resolve the ambiguity created by the testator's use of language which has inconsistent legal significance. Bailey v. Kerns, supra, 246 Va. 164.
Accordingly, the defendant's motion for summary judgment is denied.
SO ORDERED.
HOLZBERG, J.