PRESENT:  All the Justices

KATHY MATTHEWS, ET AL.

OPINION BY
v.        Record No. 081251        JUSTICE S. BERNARD GOODWYN
                                   APRIL 17, 2009
INGEBORG D. MATTHEWS


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
F. Ward Harkrader, Judge

In this case, we consider whether the circuit court erred in failing to dismiss a probate appeal when the party appealing the probate order of the clerk had also submitted a different will for probate.

On October 3, 2005, Donald A. Matthews, Sr. (Matthews) died, leaving a wife and three children from a prior marriage. Allan Scott Matthews, his son, qualified as administrator of Matthews' estate in the Circuit Court of Spotsylvania County on December 28, 2005.  Allan Scott Matthews declared that his father died intestate and named himself, his two siblings, Donald A. Matthews, Jr., and Kathy L. Matthews, and his stepmother, Ingeborg D. Matthews (Mrs. Matthews), as his father's heirs.

On February 1, 2006, Mrs. Matthews attempted to probate a last will and testament of Matthews that was dated July 18, 1995 (the 1995 will).  Mrs. Matthews explained to the clerk that the original of the 1995 will had been inside a safe that was

stolen; the clerk refused to probate the 1995 will because it was a copy. Later that day, Mrs. Matthews returned to the clerk's office with the original of a will executed by Matthews on February 8, 1993 (the 1993 will). The clerk probated the 1993 will. In effect, both wills left one dollar to each of the three children and the remainder of Matthews' estate to his wife.

Kathy Matthews and Donald Matthews, Jr.[1] (the children), filed a bill to impeach the 1993 will, claiming that it was invalidated by the express terms stated in the copy of the lost 1995 will, and because the 1995 will had been refused for probate, their father died intestate. Mrs. Matthews filed an Answer and Grounds of Defense to that bill to impeach. She also later timely filed an appeal from the clerk's order denying probate of the 1995 will.

The children filed a motion to dismiss Mrs. Matthews' appeal of the clerk's order regarding the 1995 will because Mrs. Matthews had offered the 1993 will for probate. The circuit court denied the motion to dismiss. The children's devisavit vel non action and Mrs. Matthews' appeal of the clerk's order regarding the 1995 will were consolidated for trial.[2] The

---

[1] Allan Scott Matthews did not participate in the suit.
[2] Donald A. Matthews, Jr. died and his wife, Julie A. Matthews, the administrator of his estate, was substituted in his place.

2

children agreed to this consolidation and the matters were set jointly for trial with a jury.

At trial, Mrs. Matthews offered evidence related to the loss of the 1995 will. Mrs. Matthews testified that her husband put the original of the 1995 will in the family safe. A police officer testified that a safe belonging to Matthews and Mrs. Matthews was stolen from the home. Mrs. Matthews stated that she saw the 1995 will in the safe two weeks before the burglary. The children argued that Matthews died intestate because the copy of the 1995 will expressly invalidated the 1993 will, but the original of the 1995 will was not found among Matthews' papers at the time of his death.

At the close of trial, the circuit court granted a directed verdict on the validity of the 1993 will, ruling that it was not the decedent's last will and testament. The jury found that the 1995 will was Matthews' last will and testament, and the circuit court entered judgment consistent with that verdict. The children appeal.

## Analysis

On appeal, the children assign error to the circuit court's denial of their motion to dismiss Mrs. Matthews' appeal of the clerk's order denying probate to the 1995 will. The children claim that Mrs. Matthews forfeited her statutory right to timely appeal the clerk's order concerning the 1995 will by offering

the 1993 will for probate.  They assert that because of Mrs. Matthews' election to probate the 1993 will, her appeal of the clerk's order regarding the 1995 will operated as an impermissible collateral attack upon the validity of the 1993 will, resulted in Mrs. Matthews approbating and reprobating because she assumed mutually contradictory positions, and was barred by judicial estoppel.  Mrs. Matthews asserts that her appeal of the clerk's order concerning the 1995 will was not a collateral attack upon the clerk's order concerning the 1993 will, her positions are not impermissibly inconsistent and judicial estoppel does not bar her appeal of the clerk's order regarding the 1995 will.

The clerk of any circuit court has the jurisdiction to probate wills, within his respective territorial jurisdiction, as defined by law. Code § 64.1-77.  In admitting a will, the clerk "acts in a judicial capacity and the order made by him, admitting or rejecting a will, is as much a judgment as though entered by the court."  First Church of Christ v. Hutchings, 209 Va. 158, 160, 163 S.E.2d 178, 179-80 (1968).  The validity of this judgment may only be drawn into question "in the manner and within the time prescribed by law."  Id. at 160, 163 S.E.2d at 180.

Under Code § 64.1-78, any interested person may appeal a clerk's order within six months after the entry of such an

4

order.  After entering the appeal, the circuit court shall hear and determine the appeal "as though it had been presented to the court in the first instance."  Id.  At the same time, a person, who is not a party to the probate of a will, may bring a bill to impeach the will under Code § 64.1-88.  After a bill to impeach is filed, that statute provides that a trial by jury shall be ordered to ascertain the validity of the will admitted to probate by the clerk.  Id.

The children argue that Mrs. Matthews' appeal of the clerk's order denying probate to the 1995 will was an improper collateral attack upon the 1993 will and the clerk's order admitting it to probate.  A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the purpose of annulling or reviewing that judgment.  See Sutherland v. Rasnake, 169 Va. 257, 266-67, 192 S.E. 695, 698 (1937).  Thus, the alleged collateral attack must be upon the clerk's order to probate the 1993 will.

The children brought a bill to impeach the 1993 will as statutorily allowed by Code § 64.1-88.  Thereafter, Mrs. Matthews appealed the clerk's refusal to probate the 1995 will as she is statutorily allowed to do.  Therefore, prior to Mrs. Matthews' appeal, the clerk's order concerning the 1993 will had been directly attacked by the children through their bill to impeach.  Pursuant to Code § 64.1-88, upon the children's direct

5

attack upon the clerk's order concerning the 1993 will, the will's validity was to be ascertained in a trial by jury. We hold that under the circumstances, Mrs. Matthews' appeal could not be and was not a collateral attack upon the clerk's order regarding the 1993 will.

The children also claim that Mrs. Matthews' appeal should have been dismissed by the court because she approbated and reprobated by offering both the 1993 and 1995 wills for probate. Mrs. Matthews claims that she did not approbate and reprobate because the children's challenge to the clerk's order concerning the 1993 will and her appeal of the clerk's order concerning the 1995 will were not the same litigation, but rather separate cases consolidated for purposes of trial. Further, she claims that she merely sought alternative outcomes available to her, without taking impermissibly inconsistent positions.

A litigant is not allowed to "approbate and reprobate." Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934). This Court has stated that a party may not "in the course of the same litigation occupy inconsistent positions." Id.; see also Rowe v. Commonwealth, 277 Va. ___, ___, ___ S.E.2d ___ (2009) (this day decided) (citing Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) and Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004)). It is improper for a litigant to invite error and take advantage of the

6

situation created by her own wrong.  Rowe, 277 Va. at ___, ___ S.E.2d at ___; Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted.  Hurley, 163 Va. at 252, 176 S.E. at 175.  Mrs. Matthews was first the proponent of the 1995 will, so if she did approbate and reprobate, the remedy would not be to dismiss her appeal, but rather to confine her to the position she first adopted as proponent of the 1995 will.  The jury found the 1995 will to be valid.

Further, if the children's bill of impeachment and Mrs. Matthews' appeal of the order concerning the 1995 will are considered to be the same litigation, Mrs. Matthews essentially sought alternative theories of recovery, as prescribed by the statutes governing the probate of wills in the Commonwealth, and permitted by Rule 1:4(k).  See Code § 64.1-77; Code § 64.1-88; Rule 1:4(k).  Rule 1:4(k) allows a party to "plead alternative facts and theories of recovery" as long as the alternative facts "arise out of the same transaction or occurrence."  It further provides that "[a] party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds."  Rule 1:4(k).  Reading

7

previous cases in concert with this Rule, a litigant who takes inconsistent positions must also invite error and take advantage of the situation created by the inconsistency in order to approbate and reprobate.  See Hoar v. Great Eastern Resort Mgmt., 256 Va. 374, 382 & n.7, 506 S.E.2d 777, 782 & n.7 (1998) (distinguishing Smith v. Settle, 254 Va. 348, 492 S.E.2d 427 (1997)); Fisher, 236 Va. at 417, 374 S.E.2d at 54.  Indeed, Code § 64.1-88 provides that in trying a bill to impeach, a court may require all testamentary papers of the same decedent to be produced and direct the jury to ascertain, if there are more than one, which is the will of the decedent.  Code § 64.1-88.

In this case, Mrs. Matthews' alleged support of both wills did not invite error, nor did Mrs. Matthews take advantage of the situation created by the inconsistency.  Mrs. Matthews' consistent position was that her husband died testate.  Mrs. Matthews told the clerk, when she attempted to probate the 1995 will, that the original will had been stolen from her safe in 2003.  She offered the 1993 will for probate because the clerk would not probate the copy of the 1995 will, and probate of either will had the same result, each child receiving one dollar from the estate, and Mrs. Matthews the remainder.  The circuit court did not err in refusing to dismiss Mrs. Matthews' appeal of the clerk's order concerning the 1995 will based on the allegations of approbation and reprobation on her part.

The children also assign error to the circuit court's refusal to dismiss Mrs. Matthews' appeal of the clerk's order concerning the 1995 will based on the doctrine of judicial estoppel. The modern-day doctrine of judicial estoppel is derived from the Scottish law prohibiting approbation and reprobation. Lofton Ridge, LLC v. Norfolk S. Ry. Co., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (citing Burch v. Grace Street Bldg. Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937)). Judicial estoppel forbids a party "from assum[ing] successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." Lofton Ridge, 268 Va. at 380-81, 601 S.E.2d at 650 (internal quotation marks omitted). In order for the doctrine to apply, the proceeding must involve the same parties. Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 326, 609 S.E.2d 49, 54 (2005). Along with a prior inconsistent factual position or positions and identical parties, the party asserting the inconsistent position must have also persuaded the court to accept that earlier position. Id. at 327, 609 S.E.2d at 55. "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." Id.

9

In this case, the children claim that Mrs. Matthews asserted an inconsistent factual position in a prior proceeding, by probating the 1993 will and defending it in the devisavit vel non action, then appealing the clerk's order denying probate to the 1995 will.  They claim Mrs. Matthews held inconsistent factual positions concerning the validity of the 1993 will and the validity of the 1995 will.  However, whether a will is valid is not a factual assertion, but a legal assertion.  Further, Mrs. Matthews did not achieve success concerning the attempt to probate the 1993 will, because of the children's bill to impeach that will.

At the time she appealed the clerk's order concerning the 1995 will, the children had already challenged the 1993 will in their devisavit vel non action.  Because of the bill to impeach, Mrs. Matthews had not prevailed on the issue of the validity of the 1993 will, but rather faced a jury trial to determine the validity of that will.  Because Mrs. Matthews had not been successful in her prior proceeding concerning the 1993 will, Mrs. Matthews should not have been judicially estopped from appealing the clerk's order denying probate of the 1995 will.

For the foregoing reasons, we hold that the circuit court did not err in denying the children's motion to dismiss Mrs. Matthews' appeal of the clerk's order concerning the 1995 will.

We will affirm the judgment of the circuit court and will enter final judgment for Mrs. Matthews.

Affirmed.