COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Powell and Senior Judge Clements

PAUL RENFRO HARBISON, JR.

                                                            MEMORANDUM OPINION[*]
v.        Record No. 0247-09-2                                    PER CURIAM
                                                              JANUARY 12, 2010
JUNKO EZURE HARBISON


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

(Paul Renfro Harbison, Jr., *pro se*, on brief).

(Kimberly A. Skiba; Owen & Owens PLC, on brief), for appellee.


       Paul Renfro Harbison, Jr. appeals the trial court's ruling which declared his marriage to

Junko Harbison void *ab initio* and awarded appellee her attorney's fees and costs.  Appellant argues

that the trial court erred by (1) not using a standard of clear and convincing evidence to establish

that the parties' marriage was void *ab initio*; (2) admitting into evidence the Report and Certificate

of Marriage because it was not properly authenticated; (3) admitting into evidence the Report and

Certificate of Marriage as the *lex loci contractus* for the parties' marriage in Korea; (4) denying

appellant's motion to compel and motion to unseal documents pertaining to appellee's immigration

status; (5) vacating the *pendente lite* order, but enforcing the protective order, after the marriage was

decreed void *ab initio*, (6) awarding attorney's fees and costs to appellee for outside and unrelated

services; and (7) awarding attorney's fees because there were alleged accounting errors.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties were married on November 25, 2002 in Seoul, Korea. On October 5, 2007, appellee filed a complaint for divorce, alleging cruelty, reasonable apprehension of bodily harm, and constructive desertion. Appellant filed an answer and cross-complaint for divorce alleging adultery, or in the alternative, an annulment alleging fraud. In his pleadings, appellant admitted that the parties were married in Seoul, Korea on November 25, 2002. Appellee filed an answer to the cross-complaint. After extensive discovery, motions to compel, and a motion for a protective order, appellant notified the trial court that he had been married to another woman when he married appellee.[1] Appellant filed a motion for leave of court to amend answer and cross-complaint, which the trial court granted. On January 7, 2009, the trial court entered an order and held that the parties' marriage was void *ab initio*, since appellant was still married at the time that he married appellee. On February 18, 2009, the trial court entered an order and awarded appellee her attorney's fees and costs in the amount of $15,795 because appellant failed to file pleadings that were accurate to the best of his knowledge, information, and belief upon a reasonable inquiry. Appellant appeals these rulings.

---

[1] Appellant told the trial court that he found out in July 2008 that his divorce from his second wife had not been finalized until October 2003, after the date of his marriage to appellee. Appellee argued that the divorce had not been finalized until April 2004 according to the decree of dissolution of marriage. The trial court concluded that regardless of when the divorce was finalized, appellant was still married at the time he married appellee.

ANALYSIS

Rule 5A:18 – Issues 1 and *5*

Appellant argues that the trial court did not use a clear and convincing evidence standard to determine that the parties' marriage was void *ab initio*. Appellant also contends the trial court erred by vacating the p*endente lite* order, but enforcing the protective order, after the trial court determined that the marriage was void *ab initio*. However, appellant did not present these arguments to the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). There was no miscarriage of justice in this case, and the ends of justice exception does not apply. Therefore, we will not consider these questions presented.

Report and Certificate of Marriage - Issues 2 and 3[2]

Appellant argues that the trial court erred by admitting into evidence the Report and Certificate of Marriage.

However, appellant submitted the Report and Certificate of Marriage as an exhibit to his motion for leave to amend answer and cross-complaint. He also submitted the document as an exhibit at the hearing regarding the validity of the marriage. He argued that the document was

---

[2] Appellant's questions presented 2 and 3 both deal with the admission of the Report and Certificate of Marriage. We have combined these two issues into one.

not a marriage license; however, he did not object to the authenticity of the document. The trial court accepted the Report and Certificate of Marriage as Defendant's (appellant's) Exhibit A.

Appellant did not object to the admission of the Report and Certificate of Marriage until the trial court issued its order regarding attorney's fees on February 18, 2009, over one month after the trial court had issued its order regarding the validity of the marriage.[3]

"A litigant is not allowed to 'approbate and reprobate.' . . . [A] party may not 'in the course of the same litigation occupy inconsistent positions.'" Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (quoting Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934)). See also Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000) (Husband argued that the trial court erred by not allocating a loan, but at trial, he stated that he was not asking for the loans to be paid back. The Court stated, "Husband will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his representations.").

Here, appellant was the one who submitted the Report and Certificate of Marriage as an exhibit. He cannot later object to the admission of the document because it was not authentic.

Moreover, appellant made an untimely objection, since he did not object to the authenticity of the document until more than one month after it had been accepted as an exhibit.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered

---

[3] The trial court issued the order that the parties' marriage was void *ab initio* on January 7, 2009.

or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Therefore, we will not consider these issues regarding the Report and Certificate of Marriage.

Motion to Compel and Motion to Unseal and Inspect - Issue 4

Appellant argues that the trial court erred by denying his motion to compel and his motion to unseal the documents pertaining to appellee's immigration status.

On February 4, 2008, appellant filed a motion to compel appellee's discovery responses, and on February 13, 2008, appellee filed a motion for a protective order regarding discovery. On May 16, 2008, the trial court entered an order granting appellee's motion for a protective order regarding discoverable information and denied appellant's motion to compel. Appellant signed the order as "Seen and objected to," but did not state any specific objections.

On April 27, 2009, appellant filed a motion to unseal and requested access to documents that were previously sealed. On May 7, 2009, the trial court entered an order denying appellant's motion to unseal because "all matters that were sealed were rendered irrelevant when Mr. Harbison filed his amended pleading and an order was entered granting Mr. Harbison's motion for the same." Furthermore, the trial court noted in its order that the "sealing of the CD was done, in part, at the request of Goodman & Company. Goodman & Company was not noticed for this hearing and did not appear." Appellant's objection was "duly noted" on the order, but he did not state any specific objections.

Appellant failed to provide the transcripts or a written statement of facts for the hearings on his motions. See Rule 5A:8(a) and (c). An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*).

We conclude that a transcript or written statement of facts is indispensable to a determination of the question presented on appeal.  See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

### Rule 5A:20 – Issues 6 and 7

Appellant argues that the trial court erred in ordering him to pay appellee's attorney's fees and costs.  Appellant asserts that some of the fees related to other matters not before this Court and that there were some questionable accounting entries.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."  Appellant did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments.

Appellant has the burden of showing that reversible error was committed.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id.  "Even *pro se* litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that appellant's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 6 and 7.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Attorney's fees and costs

Appellant has requested an award of costs incurred in this appeal, and appellee has requested an award of attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that appellee is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by appellee in this appeal. Since appellee has prevailed in this appeal, we deny appellant's request for costs. <u>Rogers v. Rogers</u>, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. The case is remanded to the trial court to determine a reasonable award of attorney's fees and costs incurred by appellee on appeal.

<u>Affirmed and remanded.</u>