COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Retired Judge Coleman[*]

BRIAN ANTHONY McPHAIL

v.     Record No. 0556-12-2

GRACIE STINNETT McPHAIL

MEMORANDUM OPINION[**]
PER CURIAM
SEPTEMBER 25, 2012

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

(Todd A. Knode, on briefs), for appellant.  Appellant submitting on
briefs.

(Kimberly A. Skiba; Owen & Owens PLC, on brief), for appellee.
Appellee submitting on brief.


Brian Anthony McPhail (father) appeals a child support order.  Father argues that the trial

court erred by (1) ruling the child support clause in the parties' property settlement agreement

(PSA) requires the words "whichever comes first" be added to decipher its true meaning; (2) after

not accepting father's version of the meaning of the PSA clause, failing to find that the PSA clause

was ambiguous; and (3) after not accepting father's version of the meaning of the PSA clause,

failing to find that there was no meeting of the minds.  Upon reviewing the record and briefs of the

parties, we find no error and affirm the decision of the trial court.

        [*] Retired Judge Coleman took part in the consideration of this case by designation
pursuant to Code § 17.1 400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Father and Gracie Stinnett McPhail (mother) married on November 24, 1994. They have

one child. Father and mother separated on November 27, 2009 and entered into the PSA on

February 11, 2010. The PSA includes a clause stating:

> Husband shall pay to wife the sum of $550.00 per month upon the
> sale of the house or beginning May 1, 2010 and continuing
> thereafter in like amounts on the first date of each successive
> month until the child graduates from a four year college, but not
> later than her twenty second birthday.

On July 6, 2011, mother filed a complaint for divorce and asked the trial court to affirm,

ratify, and incorporate, but not merge, the PSA into a final decree of divorce. Father filed a

response and objected to the incorporation of the PSA. On September 19, 2011, he filed a "Motion

for Judicial Interpretation and Child Support Reduction."[1] Father asked the trial court to find that

his child support payments, which started on May 1, 2011 when the former marital residence was

sold, were timely and that no arrearages existed. He also moved to recalculate his child support

obligation because of a reduction in his income. Mother filed a response to father's motion and

argued that father should have started paying child support May 1, 2010, not May 1, 2011 when the

former marital residence was sold.

On November 30, 2011, the parties presented their evidence and argument. On January 20,

2012, the trial court issued its letter opinion and held that the child support provision of the PSA

was not ambiguous. The trial court agreed with mother's interpretation of the PSA and held that

father's child support obligation commenced May 1, 2010. The trial court further found that since

father did not commence his child support payments until May 2011, father owed mother $6,600 for

child support arrears. The trial court also denied father's motion to reduce child support because he

---

[1] In addition to issues regarding child support, father's motion also dealt with issues
regarding the former marital residence, which are not the subject of this appeal.

did not prove that a material change of circumstances had occurred. The trial court entered an order memorializing its ruling on March 19, 2012. This appeal followed.

ANALYSIS

I. Rule 5A:18

Mother argues that father did not preserve his assignments of error because he signed the final order as "Seen and Objected to" without further explanation. Mother contends father did not state his objections with reasonable certainty as required by Rule 5A:18.[2]

Generally, a statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). An endorsement of "seen and objected to," however, is sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)).

In this case, father laid out a specific argument in the trial court that he now pursues on appeal. Father clearly argued to the trial court his interpretation of the PSA to show he was not in arrears. The trial court addressed father's arguments in the letter opinion and final order. Father's appeal is based on the trial court's rulings on his arguments. Accordingly, father preserved his arguments for appeal.

II. Interpretation of the PSA

A. Assignment of Error #1

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of

---

[2] Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted). We review the trial court's interpretation of a contract *de novo*. Plunkett v. Plunkett, 271 Va. 162, 166, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)).

Father argues that the trial court erred in interpreting the PSA to mean that his child support obligation commenced upon the sale of the former marital residence or May 1, 2010, whichever occurred first.

The child support provision of the PSA stated, in pertinent part, "Husband shall pay to wife the sum of $550.00 per month upon the sale of the house or beginning May 1, 2010 . . . ." Father contends the language is unambiguous and that his child support obligation began either on May 1, 2010 or when the house sold. On the other hand, mother asserts that she interpreted the language of the PSA to mean that father's child support obligation commenced "upon the sale of the house or beginning May 1, 2010" *whichever first occurs.*

At trial, both parties stated that the PSA was not ambiguous. The trial court agreed. "The question whether contract language is ambiguous is one of law, not fact. Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal." Plunkett, 271 Va. at 166-67, 624 S.E.2d at 41 (citing Tuomala v. Regent Univ., 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996)). "A contract term is not ambiguous merely because the parties disagree as to the term's meaning." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1994) (citations omitted).

Although the parties disagreed as to the interpretation of the child support provision in the PSA, the language of the provision was not ambiguous.

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc)

(quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)). "The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

The trial court agreed with mother's interpretation of the PSA and held that father's child support obligation began upon the sale of the former marital residence, which occurred in May 2011, or May 1, 2010, whichever first occurs. Father contends the trial court erred in adding "whichever first occurs" to the PSA because the trial court was not allowed to reform the contract.

Contrary to father's argument, the trial court was not reforming the parties' agreement; instead, it was simply construing the agreement. The trial court considered the entire PSA, which included language that stated the former marital residence was to be listed for sale "immediately." The PSA also stated that the parties were to jointly occupy the house pending its sale. In looking at the PSA as a whole, the trial court noted the PSA's "intent to sell the house promptly and allow the parties to separate." The trial court dismissed father's interpretation of the child support provision because "[g]iving [father] a later date to start paying child support would not encourage him to cooperate in getting the house sold. In fact, it would do the opposite." The trial court concluded that the "whichever comes first" interpretation is "the only reasonable interpretation" because "[i]t gives the parties incentive to sell the house quickly, which is in alignment with other provisions of the PSA." We agree.

Considering the PSA as a whole and the plain language of the child support provision, the trial court did not err in concluding that father's child support obligation began upon the sale of the house or May 1, 2010, whichever occurred first.

B.  Assignment of Error #2

The trial court found that the language in the PSA was not ambiguous.  Father challenges this ruling on appeal.  He argues that the trial court should have found the language ambiguous because the trial court concluded that there could have been three interpretations of the provision.

However, in his motion for judicial interpretation and child support reduction, father stated that "there are no patent or latent ambiguities" in the PSA.

"A litigant is not allowed to 'approbate and reprobate.'  This Court has stated that a party may not 'in the course of the same litigation occupy inconsistent positions.'"  Matthew v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (quoting Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934)); see also Rice v. Commonwealth, 57 Va. App. 437, 441 n.1, 703 S.E.2d 254, 256 n.1 (2011) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.").

Having stated to the trial court that the PSA was not ambiguous, father cannot argue on appeal that the trial court erred in finding that the PSA was not ambiguous.

C.  Assignment of Error #3

Father argues that the trial court erred in its interpretation of the PSA and should have found that the parties did not have a meeting of the minds.  He contends the trial court should have found the provision to be null and void and held that father's child support obligation began July 6, 2011, when mother filed the complaint for divorce.  We disagree.

"It is elementary that mutuality of assent -- the meeting of the minds of the parties -- is an essential element of all contracts . . . ."  Green's Ex'rs v. Smith, 146 Va. 442, 452, 131 S.E. 846, 848 (1926).

Simply because father retrospectively does not want to pay his child support does not mean that there was no "meeting of the minds" at the time the PSA was accepted by the trial court. There is no evidence here of a lack of a meeting of the minds. Father signed the PSA, and the PSA was incorporated, but not merged, into the final decree of divorce. Father did not appeal the final decree of divorce and its incorporation of the PSA. According to Rule 1:1, an order is final after twenty-one days have passed since the entry of the order. Since father did not appeal the final decree, the order is final, and father cannot now argue that a clause in the PSA is void.

### III. Attorney's Fees and Costs

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). The PSA allows for an award of attorney's fees and costs because it provides, "In the event that either party defaults in the performance of any of the provisions of this Agreement, the defaulting party will indemnify the other for all reasonable expenses and costs, including attorney's fees, incurred in successfully enforcing the terms of this Agreement." See Rutledge v. Rutledge, 45 Va. App. 56, 67, 608 S.E.2d 504, 509 (2005) (holding that an award of attorney's fees must be in accordance with a property settlement agreement).

Since the trial court found that father was in arrears in the amount of $6,600 based on its construction of the PSA, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and remand the case for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.